■ In the Matter of BINGHAMTON HOUSING AUTHORITY, Appellant, v MARSHALL E. DOUGLAS (STROUD), Respondent. [630 NYS2d 144] —Peters, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered October 26, 1994, which, in a proceeding pursuant to RPAPL article 7, affirmed an order of the City Court of the City of Binghamton in favor of respondent.

Petitioner is a public housing authority subject to Federal regulation and operates Carlisle Apartments in the City of Binghamton, Broome County. Respondent has been a tenant in such apartment since 1991. In March 1993, petitioner commenced a summary proceeding to evict respondent and her family for the failure to pay rent. In the petition, recovery of

back rent and "added rent", consisting of late fees, utility fees and maintenance fees, was sought. City Court awarded petitioner the back rent requested but not the "added rent". Petitioner appealed to County Court which affirmed City Court. This appeal ensued.

The property at issue is part of the Federal public housing program which places limitations on the amount of rent which can be charged (see, 42 USC § 1437a [hereinafter the Brooke Amendment]). According to the Brooke Amendment, monthly rent is limited to the highest of 30% of the family's monthly adjusted income, 10% of the family's monthly income or an amount established by the public agency which grants welfare payments to the tenant (see, 42 USC § 1437a [a] [1]). Pursuant to regulations, petitioner is further allowed to add certain fees to cover excess utility use, late payments and maintenance charges, if appropriate (see, 24 CFR 913.107, 966.4 [b] [1]-[3]; [f] [10]). Based upon these regulations, we find that County Court correctly recognized that petitioner has the right to collect these additional charges.

The issue thus becomes whether such charges are deemed "rent" and can therefore be collected through a summary proceeding. Noting that through such a proceeding a landlord may typically seek judgment for money owed as rent, but not other charges (see, RPAPL 741 [5]; Cotignola v Lieber, 34 AD2d 700; 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 32.9, at 509-510 [3d ed]) unless such additional charges are clearly and expressly designated as "rent" in the governing document (see, Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1; Matter of Petrakakis v Crown Hotels, 3 AD2d 635), we find that petitioner may not recover these charges through this proceeding by defining them as "added rent" in its lease with respondent.

Despite the clear lease provisions, the property at issue is governed by standards different from those applicable to private landlord/tenant relations. Pursuant to the Brooke Amendment, as implemented by the public housing regulations, the total tenant payment allowable as rent is only that amount designated by the guidelines therein (see, 24 CFR 913.107 [a]) and does not include "charges for excess utility consumption or other miscellaneous charges" (24 CFR 913.102; see generally, 24 CFR 966.4). Accordingly, since the Federal regulations fully govern the amount that petitioner may charge as rent, we find that City Court, affirmed by County Court, correctly determined that the regulations, rather than the lease provisions, constitute the governing document. Ac-

cordingly, City Court properly limited petitioner's judgment to past due "rent".

As to petitioner's contention that it would be precluded from instituting a separate proceeding to collect such amounts deemed "added rent" pursuant to the doctrine of collateral estoppel (*see, e.g., Liss v Trans Auto Sys.*, 68 NY2d 15, 22), we find no merit. Petitioner's monetary recovery in the summary proceeding is limited to those amounts statutorily defined as rent and, therefore, the recovery of the miscellaneous charges is not allowed (*see*, 24 CFR 913.107, 966.4 [b] [1] [3]; [f] [10]). Accordingly, the institution of a separate proceeding for the recovery of such charges would not be barred.

In light of our determination, we need not address the other issues raised.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.