OPINION OF THE COURT
Memorandum.
Order unanimously modified by granting tenant’s motion to vacate the stipulation of settlement to the extent of striking the provisions thereof relating to the tenant’s payment of use *822 and occupancy, and landlord’s entitlement to enter a money judgment; as so modified, affirmed without costs.
In this residential holdover proceeding, landlord does not dispute that the premises is registered as a multiple dwelling governed by certificate of occupancy requirements (Multiple Dwelling Law § 4 [7]). Under the circumstances, tenant’s residential use of a commercial storefront premises therein, in violation of the certificate of occupancy, bars recovery of rent due under the lease and of use and occupancy after the lease expired (Multiple Dwelling Law §§ 301, 302 [1] [b]; Jalinos v Ramkalup, 255 AD2d 293 [1998]). Landlord has not obtained, nor manifested efforts to obtain, a conforming certificate of occupancy (cf. 9 Montague Terrace Assoc. v Feuerer, 191 Misc 2d 18, 19 [2001]). It is irrelevant that the remaining, residential premises are properly certified (Commercial Hotel v White, 194 Misc 2d 26 [App Term, 2d Dept 2002]). While tenants’ waivers of rent-impairing and nonjurisdictional defenses and counterclaims in settlement stipulations are generally enforced (Koren-DiResta Constr. Co. v New York City School Constr. Auth., 293 AD2d 189, 195 [2002]; see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Kazimierski v Weiss, 252 AD2d 481 [1998]), the proscription provided in Multiple Dwelling Law § 302 (1) (b), deemed penal in nature and strictly applied (e.g. Goho Equities v Weiss, 149 Misc 2d 628, 631 [App Term, 1st Dept 1991]), constitutes a regulatory restraint on landlord that may not be “waived” by stipulation. To the extent that Holder v Williams (188 Misc 2d 73 [2001]) holds to the contrary, it should not be followed. We note that cases permitting landlord to collect rent or use and occupancy absent a conforming certificate of occupancy generally do so on landlord’s proof of substantial conformity to code standards and condition such payments on landlord’s actual procurement of the requisite certificate (e.g. Zane v Kellner, 240 AD2d 208, 209 [1997]; Lipkis v Pikus, 99 Misc 2d 518, 521 [App Term, 1st Dept 1979], affd 72 AD2d 697 [1979]).
Inasmuch as landlord is entitled to maintain a holdover proceeding to recover possession of premises occupied in violation of a certificate of occupancy (Hornfeld v Gaare, 130 AD2d 398, 400 [1987]) and the remaining terms of the settlement stipulation are severable from the unenforceable terms and constitute a proper disposition of the parties’ rights and interests, we find no basis to strike the portion of the stipulation which awards landlord possession especially where, as *823 here, tenant failed to make a sufficient showing of any defenses to landlord’s claimed entitlement to possession (Marrocco v Lugero, NYLJ, Oct. 6, 1999, at 31, col 2 [Civ Ct, Richmond County]).
Aronin, J.P., Golia and Rios, JJ., concur.