OPINION OF THE COURT
Per Curiam.
Final judgment entered October 4, 2002 affirmed, without costs.
Tenant occupies a section 8 housing unit on Roosevelt Island. At issue in this nonpayment proceeding is landlord’s claim for unpaid utility charges. The record shows that in 1990, the New York City Housing Development Corporation, the section 8 administrator for the Roosevelt Island project, approved an amendment for each tenant’s lease providing, in part, as follows: “Landlord shall provide electricity to the Tenant on a sub-metered basis . . . Tenant shall be billed monthly by the Landlord for the electricity as measured by the submeter for this unit. This amount, due when billed, shall be remitted with the tenant rent and shall be considered additional rent” (emphasis added). Since the utility charges are designated as “additional rent” under the governing lease, they are a proper item of recovery in this summary proceeding (RPAPL 711 [2]; Marietta Assoc. v Callier, 160 Misc 2d 718, 723 [1994]; cf., Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445 [2000]). Notably, the total amount sought by landlord for shelter and utilities does not exceed 30% of the tenant’s adjusted income (see generally, 42 USC § 1437a). Matter of Binghamton Hous. Auth. v Douglas (217 AD2d 897 [1995]) is not dispositive as it involved housing accommodations situated in a public housing authority and was decided under different federal regulations which are not controlling in this case. Tenant’s subsidy is provided under a project-based program and she has not shown that collection of the disputed charges pursuant to the approved lease provision is prohibited by any applicable regulation.
Suarez, EJ., McCooe and Gangel-Jacob, JJ., concur.