■ In the Matter of JOAN A. MEADERS, Respondent, v DAVID JONES, Appellant, et al., Respondents. [789 NYS2d 441]—

In a summary proceeding, inter alia, to recover possession of real property, David Jones appeals, by permission, as limited by his brief, from so much of an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated June 24, 2003, as, affirmed so much of an order of the Civil Court, Richmond County (Lebovits, J.), entered March 27, 2002, as denied that branch of his motion which was to vacate a provision of a stipulation of settlement dated December 12, 2001, awarding possession of the subject premises to the petitioner.

Ordered that the order dated June 24, 2003, is affirmed insofar as appealed from, with costs.

The petitioner landlord's noncompliance with the registration requirements of the Multiple Dwelling Law did not implicate the Civil Court's subject matter jurisdiction (*see Chan v Adossa*, 195 Misc 2d 590 [2003]) and was waived by the appellant tenant (*see 433 W. Assoc. v Murdock*, 276 AD2d 360 [2000]). Inasmuch as the appellant tenant failed to demonstrate that the stipulation was invalid by reason of fraud, collusion, mistake, accident, or other cause sufficient to invalidate a contract, there is no basis warranting the vacatur of the provision of the underlying stipulation awarding possession of the subject premises to the petitioner (*see Hallock v State of New York*, 64 NY2d 224, 230-231 [1984]; *99 Commercial St. v Llewellyn*, 240 AD2d 481, 483 [1997]; *Varveris v Fisher*, 229 AD2d 573, 574 [1996]). Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur. [*See* 2003 NY Slip Op 51123(U).]