OPINION OF THE COURT
Memorandum.
Order reversed without costs, tenant’s motion to vacate the stipulation of settlement, final judgment and income execution granted and matter remanded for all further proceedings.
In this nonpayment proceeding, the parties entered into a stipulation of settlement wherein tenant agreed to the entry of a final judgment in favor of landlords for both her share of the rent and, in violation of the second partial consent decree in Williams v New York City Hous. Auth. (81 Civ 1801 [SD NY 1995]), the section 8 portion of her rent.
“A Section 8 tenant agrees in the Section 8 lease only to pay the tenant share of the rent. Absent a showing by the landlord of a new agreement ... a Section 8 tenant does not become liable for the Section 8 share of the rent as ‘rent’ even after the termination of the subsidy (Shickler v. Thorpe, NYLJ, Feb. 27, 2002 [App Term, 9th &10th Jud Dists]; Parkmore Props, v. Prasad, NYLJ, Oct. 19, 1999 [App Term, 9th & 10th Jud Dists])” (Rainbow Assoc. v Culkin, 2003 NY Slip Op 50771[U], *2 [App Term, 2d & 11th Jud Dists 2003]; see also Prospect Place HDFC v Gaildon, 6 Misc 3d 135[A], 2005 NY Slip Op 50232[U] [App Term, 1st Dept 2005]).
In the case at bar, there was no such new agreement. Thus, tenant’s motion to vacate the stipulation of settlement, final judgment and income execution should be granted.
Furthermore, there is an inspection report in the record indicating that the subject premises is a de facto multiple dwelling. In the absence of a multiple dwelling registration and conforming certificate of occupancy, a landlord cannot recover rent or use and occupancy and this restriction cannot be waived by stipulation (BFN Realty Assoc. v Cora, 8 Misc 3d 139[A], 2005 NY Slip Op 51338[U] [App Term, 2d & 11th Jud Dists 2005]; see Meaders v Jones, 2003 NY Slip Op 51123[U] [App Term, 2d & 11th Jud Dists 2003], affd 15 AD3d 490 [2d Dept 2005]; Willoughby Assoc. v Dance-Lonesome, 2003 NY Slip Op 51058[U] [App Term, 2d & 11th Jud Dists 2003]).
Patterson, J., dissents and votes to affirm the order in *90 the following memorandum: Because I find no basis to vacate the so-ordered stipulation, I respectfully dissent.
Initially, to the extent the majority contends that the stipulation impermissibly held tenant liable for the section 8 share of the rent, no such argument was ever asserted below as a basis for vacating the stipulation. Instead, tenant generally denied that she owed the amount sought by landlord. Tenant’s blanket denial was insufficient to alert the court below to any claim that the second partial consent decree in Williams v New York City Nous. Auth. (81 Civ 1801 [SD NY 1995]) prohibits a landlord from maintaining an action against a tenant for the section 8 portion of the rent. Thus, in my opinion, such claim is not preserved for this court’s review (see generally Aguirre v City of New York, 214 AD2d 692, 694 [2d Dept 1995]; Stilo v County of Nassau, 122 AD2d 41, 45 [2d Dept 1986]). In any event, even if I were to review the claim in the interest of justice, I would uphold the order of the court below.
“Stipulations of settlement are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984] [citations omitted]). “Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequence of a stipulation made during litigation” (id.). In my opinion, no basis exists to disturb the stipulation at issue here.
Tenant, with the benefit of counsel, negotiated a binding, so-ordered stipulation whereby she agreed to a final judgment sum of $5,452, and to vacate the premises by May 31, 2003. While I agree with the majority that a section 8 tenant is not liable for the section 8 share of the rent, here, the stipulation constituted a new agreement that clearly shifted that liability to tenant. The parties agreed that landlord would return tenant’s security deposit and waive tenant’s share of the rent, except for that portion which would have been covered by section 8. Because the stipulation contained new terms not included in the original lease, it is a new agreement which tenant must honor.
To the extent the majority claims that the stipulation should be vacated based on the absence of a certificate of occupancy and a multiple dwelling registration, I disagree. Noncompliance with the Multiple Dwelling Law does not implicate the Civil Court’s subject matter jurisdiction and can be waived by a tenant by stipulation (see Matter of Meaders v Jones, 15 AD3d 490 [2d Dept 2005]; 346-52nd Realty, LLC v La Estancia, Ltd., 7 *91 Misc 3d 134[A], 2005 NY Slip Op 50684[U] [App Term, 1st Dept 2005]). Moreover, the absence of a certificate of occupancy does not relieve a tenant of its obligation to pay rent (see BFN Realty Assoc. v Cora, 8 Misc 3d 139[A], 2005 NY Slip Op 51338[U] [App Term, 2d & 11th Jud Dists 2005] [Patterson, J., dissenting], citing 9 Montague Terrace Assoc. v Feuerer, 191 Misc 2d 18, 19-20 [App Term, 2d & 11th Jud Dists 2001]).
Pesce, BJ., and Belen, J., concur; Patterson, J., dissents in a separate memorandum.