OPINION OF THE COURT
Scott Fairgrieve, J.
Respondent Charlene Cordero moves by order to show cause to vacate the stipulation entered into between the parties on April 12, 2016, and to dismiss the judgment and warrant issued against respondents. A 72-hour notice dated October 18, 2016 has been served on respondents.
A summary nonpayment proceeding was commenced against respondents by service of the notice of petition and petition, both dated March 29, 2016, concerning the premises located at 102 West Hudson Street, apartment 3A, Long Beach, New York. The petition contains the following allegations.
a. Respondents were required to pay rent of $1,700 per month.
b. There was due petitioner total rent arrears of $6,005.56 computed as set forth in paragraph No. 6, as follows:
“Pursuant to said agreement there was due to the landlord from Respondents-Tenants as follows: $1,700.00 March 2016 Rent; $1,700.00 February 2016 Rent; $785.00 January 2016 Rent balance; $50.00 March 2016 Rent late fee; $50.00 February 2016 Rent late fee; $50.00 January 2016 Rent late fee; $1,442.01 Flood damage and $228.55 Electric. Respondents-Tenants has defaulted in the payments thereof, and the total rent in arrears of $6,005.56.”
c. Oral and written demands were made upon respondents for the rent arrears. The written demand dated March 9, 2016 (attached to the petition) states the following is owed:
“TAKE NOTICE that you are justly indebted to 102 *840 West Hudson Street, LLC, Landlord of the above-described Premises, in the sum of $5,888.87 for rent/added rent of said Premises as follows: $1,700.00 March 2016 Rent; $1,700.00 February 2016 Rent; $785.00 January 2016 Rent balance; $50.00 March 2016 Rent late fee; $50.00 February 2016 Rent late fee; $50.00 January 2016 Rent late fee; $1,442.01 Flood damage and $111.86 Electric.”
This matter was settled by the stipulation of settlement dated April 12, 2016. Respondent was not represented by an attorney upon agreeing to and signing the stipulation. The stipulation provided that respondent Charlene Cordero owed $7,872.25 of rent and additional rent through April of 2016. The stipulation provides that petitioner is to cooperate with the Department of Social Services and Section 8 regarding payments.
Respondent Charlene Cordero submits her affidavit, sworn to October 24, 2016, with the order to show cause. Respondent states that she resides at apartment 3A with her son Mitchell Bliss-Fila. She participates in the Section 8 Housing Choice Voucher Program through the Long Beach Housing Authority.
Respondent took possession of apartment 3A on November 1, 2015, pursuant to a one-year lease. The monthly rent was $1,700. Respondent’s share of rent between November 1, 2015 and February 2016 was $785 per month.
Respondent states that she paid November 2015 and January 2016 rent of $785; US Postal Service receipts are provided to prove this allegation.
Respondent writes that she didn’t owe $1,700 for February of 2016 because her share was only $785 and she can’t be held liable for Section 8 payments. Furthermore, respondent refers to the affirmation of her attorney that the Long Beach Housing Authority has been paying her rent subsidy since November 2015.
In March of 2016, respondent sets forth that her share of monthly rent was reduced to $288 and Long Beach Housing Authority paid the balance.
Respondent submits the letter dated April 6, 2016 from the Long Beach Housing Authority addressed to petitioner. The letter states that tenant’s share of the rent is $288 and the housing assistance plan payment would be $1,412. Significantly, the letter states that landlord cannot collect any amounts in excess of the $288. “NO OTHER AMOUNT *841 SHOULD BE GIVEN TO THE LANDLORD BY THE TENANT.”
Respondent attacks the petition on the grounds that non-rent items were included, such as late fees, legal fees, utility charges, and water damage charges. Respondent contends that these non-rent items cannot be a basis for a judgment of possession or money.
Respondent further alleges that the demand for rent attached to the petition is defective because the demand includes non-rent items.
Respondent attacks the stipulation of settlement on the following grounds:
“I did not know I had all of the above defenses to this proceeding until I received a 72 hour notice and consulted an attorney at Law Services. In this nonpayment proceeding, on April 12, 2016,1 signed a stipulation without benefit of counsel because I believed the landlord would never take advantage of me (Exhibit G). I now know better. The stipulation indicated that I had to pay $7872.25 by May 12, 2016. My attorney states that even if I had not paid a dime of rent from the inception of my tenancy through April 2016, I would only owe $3716. As Exhibit E demonstrates, I paid rent for November 2015 and January 2016. Thus all I owed was $785 for each of December 2015 and February 2016, plus $288 for each of March and April 2016, for total arrears of $2146 through April 2016.”
Respondent also states that she received the accounting for the alleged water damage and what the damage was.
Respondent attaches receipts showing the following payments:
May 2016—$408 ($288 for rent and $14 for damage)
June 2016—$408 ($288 for rent and balance for damage)
July 2016—$288 for rent
August 2016—$288 for rent
September 2016—$288 for rent
October 2016—$338 ($288 for rent and $50 for a late charge).
Respondent went to Nassau County Department of Social Services for assistance which paid $4,166.50 and $864 which went to petitioner for a total of $5,030.50.
Respondent’s attorney submits her affirmation, affirmed October 24, 2016. She states that Long Beach Housing Author *842 ity confirmed that it has paid to petitioner the respondent’s subsidy since the inception of respondent’s tenancy.
Respondent’s counsel writes that the demand and petition are defective because same require respondent to pay the Section 8 share of rent and non-rent items. Respondent’s attorney posits that the stipulation of settlement must be vacated because respondent just owed $2,146 for rent and not $7,872.25 as set forth in the stipulation.
Petitioner’s attorney submits his affirmation in opposition, affirmed November 23, 2016. Counsel states that the respondent’s signature on the stipulation was not procured through trickery, deceit or error. Respondent partially performed the terms of the stipulation and waited six months to move to vacate the stipulation.
Petitioner’s counsel states that respondent waived all defenses to the summary proceeding and states in paragraphs 6, 7 and 8 of his affirmation the following:
“6. At paragraph 1 of the Stipulation, Respondents waived all defenses to this action. Such defenses would include that Respondent’s portion of the rent was paid and that the only monies remaining unpaid were Section 8’s responsibility, and added rent charges. However, Respondents did not present or preserve any such defenses, presumably because they did not apply.
“7. At paragraph 2 of the Stipulation, Respondents admitted that they owed $7,872.25 in rent and added rent through April 2016 and the Petition clearly spelled out that some of these monies were for late fees, flood damage and utilities.
“8. Notably, the Stipulation provides that Petitioner would accept payment from DSS and would cooperate with Respondent’s efforts to obtain financial assistance from DSS and Section 8. In other words, it was always assumed that Respondents would obtain assistance from DSS.”
Petitioner states that respondent’s failure to pay the full $7,872.25 under the stipulation constituted a default. Petitioner further argues that the lease (para 3) provides that late fees, legal fees and the obligation to pay for electricity constitute additional rent and are recoverable.
“3. RENT, ADDED RENT: The rent payment for each month must be paid on the first day of that *843 month at the Landlord’s address. Landlord need not give notice to pay the rent. If any rent payment is more than 5 days late, Tenant shall pay an additional fifty ($50) dollars as added rent. Rent must be paid in full and no amount subtracted from it. The first month’s rent is to be paid when the Tenant signs this Lease. Tenant may be required to pay other charges to Landlord under the terms of this Lease as Added Rent. This added rent is payable as rent together with the next monthly rent due. If Tenant foils to pay the added rent on time, Landlord shall have the same rights against Tenant as if Tenant failed to pay rent. Payment of rents in Installments is for the Tenant’s convenience only. If Tenant defaults, Landlord may give notice to Tenant that Tenant may no longer pay in installments. The entire rent for the remaining part of the Term will then be immediately due and payable.”
Petitioner states that even if the additional charges cannot be the basis of an eviction, respondent’s failure to pay the rent owed provides the basis for eviction.
Respondent’s counsel submits her reply affirmation, affirmed November 30, 2016. She states it was improper to include non-rent items in the petition and stipulation. Respondent’s attorney posits that based upon the foregoing, the stipulation should be vacated and the proceeding should be dismissed.
Decision
The court holds that the stipulation of settlement is vacated and the action is dismissed. In Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc. (51 Misc 3d 139[A], 2016 NY Slip Op 50613[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]), the petitioner sought to evict a commercial tenant to recover the following:
“Inland Diversified Real Estate Service, LLC (petitioner) commenced this nonpayment proceeding on behalf of Inland Diversified White Plains City Center, LLC (landlord) against landlord’s commercial tenant seeking to recover possession and items described as ‘minimum rent’ and ‘additional rent’ (which consisted of electricity, gas, quadlogic meter and common area maintenance charges).”
Both parties, represented by attorneys, entered into a so-ordered stipulation of settlement wherein respondent agreed to pay $136,371.31. The stipulation also provided for a judgment of possession with the warrant stayed until January 8, 2014.
*844 In Inland, respondent obtained new counsel and moved to vacate the final judgment and stipulation of settlement. Respondent claimed that the stipulation was entered into by the attorney without settlement authority and by mistake because respondent would never have agreed to vacate the leasehold. Respondent claimed it wanted the opportunity to pay any legitimate amounts but refused to pay the utility charges claimed to be exorbitant and for which bills were not provided. Respondent argued that the utility charges were not additional rent and not recoverable in a summary proceeding.
The petitioner in Inland submitted opposition wherein it claimed that the utility charges were additional rent and tenant concurred that the utility charges were owed after reviewing the payment history. Petitioner also stated that respondent had consented to a money judgment with the warrant stayed until January 8, 2014 because it couldn’t afford to pay the rent and additional rent.
The Appellate Term found that the petitioner had to prove that it actually paid for the electric, quadlogic meter and gas to be indemnified from respondent as additional rent. Petitioner failed to show that utility bills were submitted to respondent demonstrating payment which would bring these items into the clarification as additional rent. Based upon this scenario, petitioner was barred from recovering these utility items in a summary proceeding because the Civil Court could only award a money judgment for rent or additional rent.
The Appellate Term also dismissed the summary proceeding because of the large discrepancy between the amount of rent or additional rent actually owed and the amounts of rent or additional asserted by petitioner as actually owed:
“Furthermore, upon a review of the pleadings and papers herein (see CPLR 409 [b]), we find that, in light of the magnitude of the discrepancy between the amount of rent upon which this proceeding may properly be maintained and the amounts actually asserted (and incorporated into the stipulation of settlement), tenant may have been prejudiced in its ‘ability to respond to the demand, formulate defenses, and avoid litigation or eviction’ (Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U], *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). As a result, the petition should be dismissed. We further note that petitioner is the agent of the *845 landlord, and RPAPL 721 does not permit an agent to maintain a nonpayment proceeding (see Key Bank of NY v Becker, 88 NY2d 899, 900 [1996]; Poughkeepsie Sav. Bank v Sloane Mfg. Co., 84 AD2d 212, 215 [1981]; Suderov v Ogle, 149 Misc 2d 906, 908 [App Term, 2d Dept, 2d & 11th Jud Dists 1991]).
“Accordingly, the order is reversed, tenant’s motion to vacate the stipulation of settlement, final judgment and warrant of eviction is granted, and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition.” (2016 NY Slip Op 50613[U], *2.)
In 1466 Holding Co. v Sanchez (40 Misc 3d 138[A], 2013 NY Slip Op 51404[U], *1-2 [App Term, 1st Dept 2013]), the court vacated the stipulation of settlement involving a Section 8 tenant who entered into a so-ordered settlement without counsel, which obligated the tenant to pay the Section 8 portion of the rent:
“While a stipulation is essentially a contract and should not be lightly set aside, the court possesses the discretionary power to relieve parties from the consequences of a stipulation ‘if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it’ (1420 Concourse Corp. v Cruz, 135 AD2d 371, 373 [1987], appeal dismissed 73 NY2d 868 [1989], citing Matter of Frutiger, 29 NY2d 143, 150 [1971]). In the circumstances here present, Civil Court appropriately exercised its discretion in relieving tenant of her uncounseled decision to assume responsibility for rent arrears that she was not obligated to pay under controlling case law. The court went too far, however, in dismissing the nonpayment petition outright, since the landlord’s facially meritorious claim to recover the unsubsidized portion of the rent remains unresolved.”
In Dawkins v Ruff (10 Misc 3d 88 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]), the court vacated the stipulation of settlement and income execution where the tenant obligated herself to pay the Section 8 portion of the rent.
In the leading case of Matter of Binghamton Hous. Auth. v Douglas (217 AD2d 897 [3d Dept 1995]), the petitioner sought to recover rent and additional rent of late fees, utility fees, and *846 maintenance fees. The central issue in this case was whether the claim for additional rent encompassing late fees, utility-fees, and maintenance fees could be the subject of a summary judgment allowing for a possessory judgment. The Third Department held that the additional rent items could not be pursued in a summary proceeding but had to be brought in a plenary action:
“The property at issue is part of the Federal public housing program which places limitations on the amount of rent which can be charged (see, 42 USC § 1437a [hereinafter the Brooke Amendment]). According to the Brooke Amendment, monthly rent is limited to the highest of 30% of the family’s monthly adjusted income, 10% of the family’s monthly income or an amount established by the public agency which grants welfare payments to the tenant (see, 42 USC § 1437a [a] [1]). Pursuant to regulations, petitioner is further allowed to add certain fees to cover excess utility use, late payments and maintenance charges, if appropriate (see, 24 CFR 913.107, 966.4 [b] [l]-[3]; [f] [10]). Based upon these regulations, we find that County Court correctly recognized that petitioner has the right to collect these additional charges.
“The issue thus becomes whether such charges are deemed ‘rent’ and can therefore be collected through a summary proceeding. Noting that through such a proceeding a landlord may typically seek judgment for money owed as rent, but not other charges (see, RPAPL 741 [5]; Cotignola v Lieber, 34 AD2d 700; 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 32.9, at 509-510 [3d ed]) unless such additional charges are clearly and expressly designated as ‘rent’ in the governing document (see, Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1; Matter of Petrakakis v Crown Hotels, 3 AD2d 635), we find that petitioner may not recover these charges through this proceeding by defining them as ‘added rent’ in its lease with respondent. “Despite the clear lease provisions, the property at issue is governed by standards different from those applicable to private landlord/tenant relations. Pursuant to the Brooke Amendment, as implemented by the public housing regulations, the total tenant payment allowable as rent is only that
*847 amount designated by the guidelines therein (see, 24 CFR 913.107 [a]) and does not include ‘charges for excess utility consumption or other miscellaneous charges’ (24 CFR 913.102; see generally, 24 CFR 966.4). Accordingly, since the Federal regulations fully govern the amount that petitioner may charge as rent, we find that City Court, affirmed by County Court, correctly determined that the regulations, rather than the lease provisions, constitute the governing document. Accordingly, City Court properly limited petitioner’s judgment to past due ‘rent’.
“As to petitioner’s contention that it would be precluded from instituting a separate proceeding to collect such amounts deemed ‘added rent’ pursuant to the doctrine of collateral estoppel (see, e.g., Liss v Trans Auto Sys., 68 NY2d 15, 22), we find no merit. Petitioner’s monetary recovery in the summary proceeding is limited to those amounts statutorily defined as rent and, therefore, the recovery of the miscellaneous charges is not allowed (see, 24 CFR 913.107, 966.4 [b] [1] [3]; [fl [10]). Accordingly, the institution of a separate proceeding for the recovery of such charges would not be barred.” (217 AD2d at 898-899.)
In Community Props, v McCloud (2003 NY Slip Op 51088 [U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]), the court refused to allow recovery for attorney’s fees in a summary proceeding involving a Section 8 tenant:
“However, the attorney’s fees award was improper. As a general rule, whatever the prior agreement between the parties, a landlord may not collect costs, penalties and other non-rent items as ‘added rent’ from a Section 8 benefits recipient unless specifically provided in the Section 8 lease (Matter of Binghamton Hous. Auth. v Douglas, 217 AD2d 897, 898; Port Chester Hous. Auth. v Turner, 189 Misc 2d 603, 604 [App Term, 9th & 10th Jud Dists]).”
See also Douglas v Nole (20 Misc 3d 1119[A], 2008 NY Slip Op 51394[U] [Nassau Dist Ct 2008]), holding that legal fees cannot be the basis for eviction in a summary proceeding involving a Section 8 tenant.
In Port Chester Hous. Auth. v Turner (189 Misc 2d 603, 604 [App Term, 2d Dept 2001]), the court held that it was error to *848 include in the default judgment involving the federal public housing program, non-rent items “even though characterized as ‘additional rent’ in the agreement between the parties (see, Matter of Binghamton Hous. Auth. v Douglas, 217 AD2d 897, 898).”
It is based upon the foregoing, that this court vacates the stipulation of settlement executed by respondent Charlene Cordero. The stipulation of settlement contains items which cannot be the basis for a possessory judgment in a summary proceeding. The petition inappropriately demands payments of $1,700 for March of 2016, which means that petitioner is attempting to recover $1,412 from respondent which sum represents the subsidy that the Long Beach Housing Authority pays and for which respondent is not liable. Likewise, respondent is being requested to pay $1,700 for February of 2016 rent when her only responsibility was $785. The petition also seeks non-possessory items of late fees, flood damage and electric charges.
Thus, as such, it is clear that the stipulation of settlement must be vacated. This court notes that the April 6, 2016 letter from Long Beach Housing Authority, addressed to petitioner, states that petitioner cannot recover from respondent any sum other than the $288 tenant portion of the rent. Clearly, petitioner violated this directive. It is against public policy for a landlord to attempt to collect, by a rent demand and/or summary proceeding, amounts in a summary proceeding for which the tenant is not responsible and cannot be disposed. The fact that the Nassau County Department of Social Services may have paid $5,030.80 does not validate a stipulation of settlement which is against public policy. Also, the waiver of all defenses provides no grounds to validate and justify a stipulation of settlement which violates federal law and public policy.
Should this court dismiss this summary proceeding? The answer to the question is in the affirmative based upon the Appellate Term holding in Inland Diversified Real Estate Serv., LLC, which dismissed the summary proceeding because of the prejudice that the tenant may have incurred due to the difference “of the discrepancy between the amount of rent upon which this proceeding may properly be maintained and the amounts actually asserted (and incorporated into the stipulation of settlement)” (2016 NY Slip Op 50613[U], *2).
In the case at bar, the unrepresented respondent was prejudiced by the inclusion of additional rent items which may not be included in a summary proceeding.
*849 This court is aware of the ruling in Rippy v Kyer (23 Misc 3d 130[A], 2009 NY Slip Op 50652[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]), wherein the court refused to dismiss the summary proceeding even though there was a discrepancy in this Section 8 housing case between the rent demanded and the amount owed because good faith was found:
“However, we reject tenant’s further claim that the petition should have been dismissed because it improperly sought the full contract rent rather than only the tenant’s share of the rent. Although landlord was not entitled to collect the full contract rent in a nonpayment proceeding, there is nothing to indicate that his pro se demand for that rent was made other than in good faith. A ‘substantive dispute over the amount of rent arrears and other charges actually owed [does not implicate] the legal sufficiency of the underlying rent demand’ (501 Seventh Ave. Assoc., LLC v 501 Seventh Ave. Bake Corp., 7 Misc 3d 137[A], 2005 NY Slip Op 50799[U] [App Term, 1st Dept 2005]; see 402 Nostrand Ave. Corp. v Smith, 19 Misc 3d 44 [App Term, 2d & 11th Jud Dists 2008] [a landlord’s demand for the full regulated rent where only a preferential rent was owed did not invalidate the demand and petition]; but see New Hempstead Terrace LLC v Reeves, 18 Misc 3d 1113[A], 2008 NY Slip Op 50018[U] [Dist Ct, Nassau County 2008] [a nonpayment petition which improperly demands the Section 8 portion of the rent must be dismissed]; cf. Matter of Rockaway One Co. v Wiggins, 35 AD3d 36, 43 [2d Dept 2006] [a demand for rent based on an unjustified individual apartment improvement increase ‘cannot be the basis for a determination that the tenant is in default of his or her obligation to pay the lawful regulated rent’]).”
The court in 1466 Holding Co. also declined to dismiss the summary proceeding even though there was a discrepancy between the sums actually owed and demanded.
In the case at bar, this court finds that the petitioner was informed by the Long Beach Housing Authority not to collect any amount from respondent other than the $288. Petitioner violated this directive and sought sums as outlined herein. Petitioner also sought sums clearly not owed in a summary proceeding and included same in the stipulation of settlement.
*850 This court has difficulty reconciling the holdings in Rippy and 1466 Holding Co., from that in Inland. This court believes that the holdings in Rippy and 1466 Holding Co. may cause havoc if followed and encourage improper demands being made on tenants of limited means and legal education. The holding in Inland will encourage the law being followed if landlords know that stipulations of settlement will be vacated and summary proceedings dismissed if improper money demands are made and sought from Section 8 tenants.
Additionally, another ground for dismissal is the fact that petitioner collected money from the Nassau County Department of Social Services in the amount of $5,030.50 which is greater than the amount for which respondent may be held liable in a summary proceeding. Therefore, it appears that petitioner does not have a basis to bring a summary proceeding because all sums that could be collected in a summary proceeding against respondent have been paid.