Cashew Holdings, LLC, Appellant,
against
Carlene Thorpe-Poyser, Respondent, and Carl Poyser, Undertenant. 




Korsinsky & Klein, LLP (Samuel Diamantstein, Stuart R. Friedman and Michael Korsinsky of counsel), for appellant.
The Legal Aid Society-Queens Office (Julia McNally and Katie Redmon of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Joel R. Kullas, J.), dated December 1, 2017. The order granted the branch of tenant's motion seeking leave to reargue her prior motion to stay the warrant of eviction and restore the matter to the calendar, which motion had been denied in an order of that court dated August 3, 2017, upon reargument, vacated the determination in the order dated August 3, 2017 and granted the prior motion, and granted the further branches of tenant's motion seeking to vacate a so-ordered stipulation of that court (Clifton A. Nembhard, J.) dated January 23, 2017, a final judgment of that court entered January 23, 2017 pursuant to that stipulation, and the warrant issued pursuant thereto, and to dismiss the petition.




ORDERED that the order dated December 1, 2017 is affirmed, without costs.
After the parties had settled this nonpayment proceeding by a so-ordered stipulation, tenant moved pro se to stay the warrant of eviction that had been issued pursuant to the stipulation and to restore the matter to the calendar. The Civil Court denied that motion by order dated August 3, 2017. In that order, the court relied on information it had found on the website of the Department of Buildings (DOB) to reject an argument that had been made at oral argument that landlord was operating a rooming house. Tenant then moved for leave to renew or reargue [*2]her motion and, upon renewal or reargument, to grant her prior motion and, additionally, to vacate the stipulation, the final judgment entered pursuant to that stipulation, and the warrant entered pursuant thereto, and to dismiss the petition because there was no certificate of occupancy for the building. By order dated December 1, 2017, the court, finding that it had overlooked relevant information on the DOB website, and relying on that information to determine that there was no certificate of occupancy for the building, granted tenant's motion in its entirety. 
Multiple Dwelling Law § 302 (1) (b) provides that no rent shall be recovered by the owner of "any dwelling or structure . . . occupied in whole or in part for human habitation in violation of section three hundred one" (see Matter of 49 Bleecker, Inc. v Gatien, 157 AD3d 619 [2018]). Section 301 of the Multiple Dwelling Law requires that every multiple dwelling have a certificate that "said dwelling conforms in all respects to the requirements of this chapter, to the building code and rules and to all other applicable law." Contrary to landlord's argument on appeal, tenant was not required to show that there were conditions in the building which threatened the structure's integrity or the tenants' health and safety. Landlord has also not demonstrated that tenant's alleged failure to permit access was the reason for the absence of a certificate of occupancy (see Chatsworth 72nd St. Corp. v Rigai, 35 NY2d 984 [1975]). Thus, contrary to landlord's further contention, landlord has neither identified a factual issue necessitating a hearing nor provided a basis to disturb the Civil Court's finding that landlord was not entitled to collect rent because there was no certificate of occupancy.
As the Civil Court based the denial of tenant's initial motion upon information it had found when it, sua sponte, took judicial notice of the DOB website, we find that the court did not improvidently exercise its discretion in granting the branch of tenant's motion seeking leave to reargue after conceding that tenant had accurately pointed out that the court had "overlooked" (CPLR 2221 [d] [2]; see e.g. Barnett v Smith, 64 AD3d 669 [2009]) relevant additional information in the same DOB website entry. We note that, in any event, there would also have been a basis to grant the branch of tenant's motion seeking leave to renew her prior, pro se motion (see Haverlin v Gottlieb, 49 Misc 3d 151[A], 2015 NY Slip Op 51750[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Seafood Emporium Fish Mkt., Inc. v Lee, 26 Misc 3d 141[A], 2010 NY Slip Op 50373[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; see also Mattis v Keen, Zhao, 54 AD3d 610 [2008]; Vita v Alstom Signaling, 308 AD2d 582 [2003]). We further find that the Civil Court providently exercised its discretion in vacating the stipulation, as tenant's implicit waiver of the benefit of Multiple Dwelling Law § 302 (1) (b), which provision furthers the public interest in the safety of buildings, cannot be given effect (see BFN Realty Assoc. v Cora, 8 Misc 3d 139[A], 2005 NY Slip Op 51338[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]; Meaders v Jones, 2003 NY Slip Op 51123[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003], affd on other grounds 15 AD3d 490 [2005]; Yuko Nii v Quinn, 195 Misc 2d 821 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]), and that, under the circumstances, the dismissal of the petition was appropriate (see CPLR 409 [b]). Landlord's remaining contention lacks merit. 
Accordingly, the order dated December 1, 2017 is affirmed. 
ALIOTTA and SIEGAL, JJ., concur.
WESTON, J.P., dissents and votes to reverse the order and to deny the branch of tenant's motion seeking leave to reargue her prior motion to stay the warrant of eviction and restore the matter to the calendar, and deny the further branches of tenant's motion seeking to vacate the January 23, 2017 stipulation, as well as the final judgment and the warrant of eviction, and to dismiss the petition, in the following memorandum:
In my opinion, the Civil Court improvidently exercised its discretion in granting the branch of tenant's motion seeking leave to reargue her prior motion to stay the warrant of eviction and restore the matter to the calendar. Accordingly, I respectfully dissent and would vote to reverse the order and deny tenant's motion in its entirety.
To succeed on a motion to reargue, the movant must demonstrate that the court overlooked or misapprehended relevant facts or controlling law which were before it on the original motion (see CPLR 2221 [d] [2]; Ahmed v Pannone, 116 AD3d 802 [2014]; McGill v Goldman, 261 AD2d 593 [1999]). Reargument is not intended to afford an unsuccessful party repeated opportunities to argue issues previously decided, nor is it intended as a vehicle for advancing new facts, issues or arguments not previously presented to the court (Ahmed v Pannone, 116 AD3d 802; McGill v Goldman, 261 AD2d 593). In determining a motion to reargue, courts should not consider whether the arguments raised fall "within the same broad legal category" as those in the prior motion, but rather whether "the specific argument [is] the same as that previously raised, but overlooked or misapprehended by the reviewing court" (People v D'Alessandro, 13 NY3d 216, 220 [2009]).
Although tenant on the prior motion orally argued that the premises were being used as a rooming house, she never raised the specific argument now claimed to have been overlooked — that landlord lacked a certificate of occupancy. Tenant asserted, for the first time on reargument, that the Department of Buildings website did not show a certificate of occupancy on file, and that the "I" card on the HPD website showed the use of the property as a 10-room, single room occupancy, not a three-family dwelling. Although the Civil Court, sua sponte, took judicial notice of the Department of Buildings website in addressing tenant's prior rooming house claim, such action is not an invitation to assert a different claim on reargument based on the same website. Since the lack of a certificate of occupancy was never raised on tenant's prior motion, the Civil Court improvidently exercised its discretion in granting tenant leave to reargue (see Ahmed v Pannone, 116 AD3d at 805; see also People v D'Alessandro, 13 NY3d at 220). 
Moreover, contrary to the majority's opinion, there would have been no basis to grant tenant's motion for leave to renew. To prevail on such a motion, tenant was required to present "new facts not offered on the prior motion that would change the prior determination," as well as a "reasonable justification for the failure to present such facts on the prior motion" (CPLR [*3]2221[e] [2], [3]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512, 513 [2018]; see Hart v City of New York, 5 AD3d 438 [2004]). 
Here, tenant offered no new facts that would not have been available to her on the prior motion and provided no reasonable justification for not presenting them on the prior motion. Tenant's decision to represent herself on the prior motion is no excuse for her failure to exercise due diligence in making her first factual presentation (cf. Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911 [2018] ["defendant's status as a pro se litigant did not warrant vacatur of his default"]; Matter of Chana J.A. v Barry S., 135 AD3d 743, 744 [2016] ["A litigant does not, by appearing pro se, have any greater right than any other litigant"]; Matter of Ruine v Hines, 57 AD3d 369 [2008] [the petitioner's pro se status and incarceration did not excuse petitioner's failure to effect proper service pursuant to an order to show cause]).
Accordingly, I vote to reverse the order, deny the branch of tenant's motion seeking leave to reargue her prior motion to stay the warrant of eviction and restore the matter to the calendar, and deny the further branches of tenant's motion which sought (1) to vacate the January 23, 2017 stipulation, as well as the final judgment and the warrant of eviction, and (2) to dismiss the petition. 

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019