Casco Bay Realty, LP, Respondent,
against
Lourdes Concepcion, Appellant. 




Legal Services of Hudson Valley (Barbara Finkelstein and Michael Linker of counsel), for appellant.
Charles Bain, Esq., for respondent (no brief filed).

Appeal from a final judgment of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), entered June 14, 2018. The final judgment, upon a decision of that court dated May 25, 2018, after a nonjury trial, awarded landlord possession and the sum of $8,106. The appeal from the final judgment brings up for review a May 9, 2018 oral order of that court denying tenant's motion to dismiss the petition.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated May 25, 2018 is deemed a premature notice of appeal from the final judgment entered June 14, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is reversed, without costs, the May 9, 2018 oral order is vacated, and tenant's motion to dismiss the petition is granted.
Landlord commenced this nonpayment proceeding against a former Section 8 tenant based upon alleged arrears of $5,183 as of March of 2018, none of which represented tenant's share of the rent. Tenant moved to dismiss the petition, demonstrating that tenant's Section 8 benefits had been terminated effective October 31, 2017, and arguing that no nonpayment proceeding lies against a tenant based upon nonpayment of the Section 8 portion of the rent. Prior to a scheduled trial on May 9, 2018, the City Court heard arguments and then orally denied tenant's motion. The court then read a series of stipulated facts into the record, including that tenant had paid her portion of the rent for November 2017 through March 2018, and reserved decision. In a decision dated May 25, 2018, the court purported to list the stipulated facts, incorrectly stating that tenant had not paid her portion of the rent for November 2017 through March 2018, and that tenant had stipulated that the Section 8 portion of the rent for that period, as well as for April and May 2018 rent, was "due" to landlord. A final judgment was entered on [*2]June 14, 2018, awarding landlord possession and the sum of $8,106.
"A Section 8 tenant agrees in the Section 8 lease only to pay the tenant share of the rent. Absent a showing by the landlord of a new agreement, and none was here shown, a Section 8 tenant does not become liable for the Section 8 share of the rent as 'rent' even after the termination of the subsidy. Thus, a nonpayment proceeding does not lie to recover the Section 8 portion of the rent from the tenant" (Rainbow Assoc. v Culkin, 2003 NY Slip Op 50771[U], *2-3 [App Term, 2d Dept, 2d & 11th Jud Dists 2003] [citations omitted]; see also MPlaza LP v Corto, 35 Misc 3d 139[A], 2012 NY Slip Op 50860[U] [App Term, 1st Dept 2012]; Rippy v Kyer, 23 Misc 3d 130[A], 2009 NY Slip Op 50652[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; Dawkins v Ruff, 10 Misc 3d 88 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
In view of the foregoing, it was error for the City Court in this nonpayment proceeding to deny tenant's motion to dismiss the petition. 
Accordingly, the final judgment is reversed, the May 9, 2018 oral order is vacated, and tenant's motion to dismiss the petition is granted.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020