Chillo v Lopez (2024 NY Slip Op 50338(U))

[*1]

Chillo v Lopez

2024 NY Slip Op 50338(U)

Decided on March 29, 2024

Civil Court Of The City Of New York, Kings County

Basu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2024
Civil Court of the City of New York, Kings County

Teresa Chillo, Petitioner,

against
Norma Lopez and Faycal Yahiaoui, Respondents.

Index No. LT-325774-23/KI

Attorneys for Petitioner
Edelman Schwartz PLLC
848 McDonald Ave, 2nd Floor
Brooklyn, NY 11218
(212) 710-0264
Attorneys for Respondent
The Legal Aid Society
111 Livingston Street, 7th Floor
Brooklyn, New York 11201
(718) 237-2000

Shantonu J. Basu, J.

As required by CPLR § 2219(a), the following is a recitation of the papers considered in the review of motion sequence 2 and motion sequence 3. For the reasons stated below motion sequence 3 is granted and motion sequence 2 is denied as moot.
PAPERS NUMBERED
Order to Show Cause, Affirmation 1, NYSCEF # 10 (seq 2)
Order to Show Cause, Affirmation, Affidavit & Exhibits 2, NYSCEF # 13-24 (seq 3)
PROCEDURAL AND FACTUAL BACKGROUND
This is a nonpayment proceeding concerning an alleged rent-stabilized apartment. After Respondent-Lopez failed to answer, Petitioner obtained a default judgment and warrant.
Thereafter, Lopez moved by a pro se order to show cause to vacate her default (motion [*2]sequence 1).
On January 30, 2024, the return date of Lopez's order to show cause, the parties entered into stipulation that kept the judgment and warrant in place but stayed execution of the warrant to March 15, 2024 for Respondent-Lopez to pay the arrears. The stipulation was translated to Respondent-Lopez, signed by the Official Court Interpreter and allocuted by the Honorable Donoghue. Additionally, as a result of this stipulation, a new party, Respondent-Yahiaoui, was added to the proceeding.
On March 19, 2024, Respondent-Lopez retained counsel. Counsel for Lopez has now moved the court to vacate the January 30, 2024 pro se stipulation. For the reasons stated below, the court grants this motion.
LEGAL ANALYSIS
a. The legal standards for vacatur of pro se stipulations
Stipulations are favored by courts and will not lightly be cast aside. Generally, only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation (Hallock v State of NY, 64 NY2d 224 [1984]).
However, the housing court's discretion to vacate a stipulation exceeds that applicable to invalidating a contract (Knickerbocker Village v Doe, NYLJ, Jan. 5, 1994 at 21, col 2 [App Term 1st Dept 1994] ["While the cases mention as examples of such good cause collusion, mistake, accident, fraud, surprise . . . the discretion of a court is not that closely confined"]).
Furthermore, a court may vacate a stipulation where it appears that a party has "inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action and works to his prejudice" (Matter of Frutiger, 29 NY2d 143, 149-150 [1971]).
Housing court judges have consistently followed this guidance (see e.g. 57 Elmhurst, LLC v Williams, 65 Misc 3d 1221[A], 2019 NY Slip Op 51778[U] [Civ Ct Queens County 2019] [finding the respondent "improvidently waived potentially meritorious defenses without the benefit of counsel and exercises its discretion to vacate the June 4, 2019 stipulation, judgment, and warrant"]).
As the Honorable Ibrahim observed in Diego Beekman Mut. Hous. Assoc. HDFC v McClain, the housing court:
"possesses the discretionary power to relieve parties from the consequences of a stipulation if it appears that the stipulation was entered into inadvisably or that it would be inequitable to hold the parties to it. The discretion of a court is not that closely confined [to the grounds commonly cited] and an unjust stipulation should be vacated when the parties may be returned to their former status. [W]hile lack of representation is not sufficient in and of itself to vacate a stipulation, a party's lack of representation at the time of entry into the stipulation is a significant factor to be considered in determining whether good cause exists to vacate the stipulation.
New York courts routinely vacate stipulations signed by pro se tenants who fail to realize and to assert viable defenses to their landlords' claims"
(Diego Beekman Mut. Hous. Assoc. HDFC v McClain, 63 Misc 3d 1218[A], 2019 NY Slip Op 50580[U] [Civ Ct Bronx County 2019] [citations and internal quotation marks omitted]).
The McClain court collects several appellate cases from the First Department affirming [*3]the vacatur of stipulations where an unrepresented tenant improvidently enters into a stipulation. However, the Second Department's holdings accord with those of the First Department and apply the same standard (see e.g. 125 Ct. St., LLC v Nicholson, 214 AD3d 723, 727 [2d Dept 2023]).
b. Did Respondent improvidently enter into the stipulation?
The question now becomes whether Respondent-Lopez entered into the instant stipulation improvidently.
At oral argument the court emphasized that unrepresented parties can intelligently waive defenses. Typical stipulations executed by pro se tenants in housing court will inevitably waive some defenses in exchange for some benefit. The most common example of this is where a tenant waives an abatement claim in exchange for time to pay outstanding arrears.
Thus, it is not the waiver of defenses that exposes a stipulation to a subsequent motion for vacatur. Rather courts must evaluate whether the unrepresented party waived a defense improvidently.
In this analysis, the court is primarily concerned with situations where a tenant waives a latent defense. A lack of repairs is something that even a relatively unsophisticated tenant can raise without the benefit of counsel, and thus this defense can be intelligently waived by an unrepresented litigant.
Other defenses, for example the failure to register with DHCR or the failure to plead the correct regulatory status of an apartment, are more technical and more subtle. Waiver of these defenses, if done so improvidently, may result in a stipulation being set aside (cf. Rossmill Assoc., LP v Watanabe, — NYS3d &mdash, 2024 NY Slip Op 24048 [Civ Ct NY County 2024] [denying a motion to vacate because the respondent did not improvidently waive an overcharge defense since this defense was carefully explained to the respondent]).
In the instant case, buried among other arguments, Respondent-Lopez's counsel points out that the petition is defective. The court agrees. The petition is obviously defective—but only to the trained eye.
The petition alleges that the apartment is not a multiple dwelling. Yet the petition also alleges that the apartment is rent-stabilized.
As pleaded by Petitioner, these two facts are inconsistent. Only buildings with two or fewer units are exempted from registration while, in the normal situation, a rent-stabilized unit only exists in buildings that have six units or more.
This is not a case where a petitioner has pleaded alternate or inconsistent legal theories, which courts have allowed under certain circumstances (see Kew Gardens Portfolio Holdings, LLC v Bucheli, 69 Misc 3d 129[A], 2020 NY Slip Op 51137[U] [App Term 2d Dept 2020]). Rather, Petitioner has pleaded inconsistent facts; the building cannot have both fewer than three units and also six or more units.
Pursuant to MDL § 328 the court takes judicial notice of HPD's website, which confirms the subject building has six units and therefore is a multiple dwelling.
In New York City, a multiple dwelling registration is a prerequisite for the maintenance of a non-payment proceeding.
RPAPL § 711 requires that a petition state whether or not the premises is in a multiple dwelling. If the premises is a multiple dwelling, the petitioner must allege that the owner of a multiple dwelling has filed a registration statement, state registration number, and state the registered managing agent's name and address (22 NYCRR § 208.42).
The instant petition states that the subject premises is not a multiple dwelling, which is [*4]not the case.
To be sure, Petitioner could move to amend to correct this defect. But the very fact that Petitioner must amend its petition means that the defect forms a viable defense in the hands of a respondent, particularly one who has retained an attorney.
While this defense may be waivable, this is the type of latent defense that a pro se respondent would not know about and would not have realized that he or she was waving. Respondent-Lopez's affidavit supports the conclusion that she did not understand the availability of this defense. Therefore it is clear that Respondent-Lopez improvidently entered into the stipulation dated January 30, 2024.
Indeed, appellate authority holds that courts should vacate pro se stipulations in similar situations.
For example in Willoughby Assoc. v Dance Lonesome the Appellate Term held that while "[t]he failure to properly register a building is not a 'jurisdictional defect.' However, the failure to do so does constitute a defense to the payment of rent and/or use and occupancy which may not be waived by stipulation" (Willoughby Assoc. v Dance Lonesome, 2003 NY Slip Op 51058[U] [App Term 2d Dept 2003]).
Refusal by the housing court to vacate a stipulation that waives this defense may result in reversal (see Dawkins v Ruff, 10 Misc 3d 88, 89 [App Term 2d Dept 2005] [reversing the housing court's denial of a vacatur motion in part because "[i]n the absence of a multiple dwelling registration . . . a landlord cannot recover rent or use and occupancy and this restriction cannot be waived by stipulation"]).
Thus the court vacates the pro se stipulation and returns the parties to their original positions.
CONCLUSION
For the reasons stated above, Respondent-Lopez's motion (sequence 3) is granted to the extent of vacating the January 30, 2024 stipulation. The underlying judgment and warrant are also vacated in light of the defective petition.
Respondent-Yahiaoui's motion (sequence 2) is denied as moot, but, by extension, Respondent-Yahiaoui has obtained relief he sought since the stipulation, judgment, and warrant are all now set aside.
The proceeding is adjourned to May 9, 2024 at 9:30 am for all purposes.
At that time, the court may entertain Petitioner's motion to amend the petition if Petitioner choses to make such a motion, or a motion to dismiss if Respondent makes that motion.
Respondent-Lopez and Respondent-Yahiaoui are to file answers by April 15, 2024 or their answers will be deemed a general denial.
Counsel for Respondent-Lopez to serve a notice of entry upon Respondent-Yahiaoui, who is unrepresented, by April 1, 2024 by regular mail and file proof of such service on NYSCEF by that date.
This constitutes the decision/order of this court.
Dated: March 29, 2024
Brooklyn, NY
Hon. Shantonu J. Basu
Housing Court Judge