[918 NE2d 126, 889 NYS2d 536]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GUISEPPE D'ALESSANDRO, Appellant.

Argued September 17, 2009; decided October 27, 2009

**POINTS OF COUNSEL**

*Sullivan Gardner PC,* New York City (*Brian Gardner* and *Christopher Tumulty* of counsel), for appellant. I. The Appellate Division, First Department, erred in labeling a successive error coram nobis application as reargument when the application was not brought as a reargument motion and it raised entirely new legal issues that were not addressed in the prior application. (*People v Turner,* 5 NY3d 476; *People v Garcia,* 19 AD3d 17; *People v Bachert,* 69 NY2d 593; *People v Correa,* 77 NY2d 930; *People v McKenna,* 76 NY2d 59; *People v Giles,* 73 NY2d 666; *People v Albro,* 52 NY2d 619.) II. The Appellate Division, First Department, erred in denying appellant's application for a writ of error coram nobis where prior appellate counsel was ineffective for failing to raise a clearcut and completely dispositive speedy trial argument. (*People*

*v Ramchair,* 8 NY3d 313; *People v Turner,* 5 NY3d 476; *Strickland v Washington,* 466 US 668; *People v Caban,* 5 NY3d 143; *People v Stultz,* 2 NY3d 277; *People v Baldi,* 54 NY2d 137; *People v Benevento,* 91 NY2d 708; *People v Stirrup,* 91 NY2d 434; *People v Manning,* 52 AD3d 1295; *People v St. Louis,* 41 AD3d 897.)

*Robert M. Morgenthau, District Attorney,* New York City (*Hilary Hassler* and *Eleanor J. Ostrow* of counsel), for respondent. Defendant's appeal must be dismissed. The Appellate Division properly treated defendant's second coram nobis petition as a motion to reargue, and its order denying such motion is nonappealable. In any event, by any measure, the Appellate Division's ruling was an appropriate exercise of discretion and should be affirmed. (*People v De La Hoz,* 131 AD2d 154; *People v Bautista,* 7 NY3d 838; *People v De Jesus,* 54 NY2d 447; *Matter of State of New York v King,* 36 NY2d 59; *Matter of Henry v Goldberg,* 40 NY2d 895; *Created Gemstones v Union Carbide Corp.,* 45 NY2d 959; *Matter of Williams & Geiger v Edelman, Berger, Peters & Koshel,* 39 NY2d 1034; *Matter of Cunningham v District Attorney, N.Y. County,* 37 NY2d 856; *People v Valinoti,* 26 NY2d 553; *People v Soto,* 80 NY2d 824.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

Nearly 12 years after his conviction for kidnapping in the first degree and other related crimes was affirmed on direct appeal (*People v D'Alessandro,* 230 AD2d 656 [1st Dept 1996], *lv denied* 89 NY2d 863 [1996]), defendant, represented by counsel, petitioned the Appellate Division for a writ of error coram nobis on the ground that his appellate counsel had been ineffective for failing to raise a speedy trial argument on the appeal. The Appellate Division deemed the application a motion to reargue an order of that court denying a previous coram nobis application—brought by defendant pro se nine years earlier—and denied reargument.

Initially, the People argue that defendant's appeal to this Court must be dismissed, as no appeal lies from an Appellate Division order denying reargument. While we acknowledge this limitation on our jurisdiction, it is not dispositive in this case, given our inherent authority to look beyond the Appellate Division's recital in the decretal clause of the order to determine if defendant's petition in actuality sought coram nobis relief, the denial of which is reviewable by this Court (*see* CPL 450.90

[1]). We have previously exercised this power—albeit in a different context—in *People v Giles* (73 NY2d 666, 669-670 [1989]), where we held that this Court is not bound by the Appellate Division's characterization of the order, and must *"determine for itself"* whether a reviewable legal question exists (*id.* at 670 [citation omitted]). Any other interpretation would allow a mislabeled or wrongly denominated order of the Appellate Division to bar appellate review of "real issues of law," thereby interfering with this Court's "[unique] authority . . . to determine [its] jurisdictional range" (*id.*).

Exercising that authority here, the essential inquiry on this appeal thus becomes whether the Appellate Division properly characterized defendant's petition as a motion to reargue. Pursuant to CPLR 2221 (d) (2), a motion to reargue must "be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion." It is well settled that a motion to reargue "is not an appropriate vehicle for raising new questions . . . which were not previously advanced" (*People v Bachert*, 69 NY2d 593, 597 [1987] [internal quotation marks and citation omitted]). Necessarily, where a new argument is presented on the motion, that argument could not have been "overlooked or misapprehended" by the Appellate Division in the first instance.

No reasonable view of defendant's application supports the Appellate Division's conclusion that it sought relief in the form of reargument. Defendant did not identify any points overlooked or misapprehended by the Appellate Division in its previous order denying his first petition for a writ of error coram nobis. Rather, defendant raised the novel argument that appellate counsel had been ineffective for failing to argue that the trial court improperly denied his motion to dismiss the indictment on speedy trial grounds in light of this Court's decisions in *People v McKenna* (76 NY2d 59 [1990]) and *People v Correa* (77 NY2d 930 [1991]), both of which were decided before defendant's trial and appeal. Specifically, defendant argued that, under this Court's decision in *McKenna*, the period of delay during which the People failed to turn over the grand jury minutes in response to defendant's motion to dismiss the indictment for legal insufficiency—a total of 196 days—should have been charged to the People. Further, in reliance on *Correa*, defendant argued that two specific time periods—11 days between the original indictment and the

arraignment thereon and 21 days between the superceding indictment and the subsequent arraignment—should have been charged to the People. Although defendant's first petition for a writ of error coram nobis also argued that appellate counsel was ineffective for failing to raise a speedy trial claim, it was based on an entirely different theory, namely, that the time period between the defendant's arrest and the return of the second indictment—a total of 357 days—should have been charged to the People. Significantly, in opposition to defendant's second application, the People acknowledged that defendant "never raised the speedy trial claims advanced in his current petition" and that the first application contained "a challenge premised on a different theory than the one defendant advances now."

Despite this apparent concession below, the People now argue that the Appellate Division properly denominated defendant's petition as a motion to reargue because it raised the same "type" of claim as the first application. The determinative question here, however, is not whether the argument on the second petition fell within the same broad legal category as the argument in the first petition, but whether the specific argument was the same as that previously raised, but overlooked or misapprehended by the reviewing court—a question that must be answered in the negative here. If we were to accept the Appellate Division's superficial characterization of defendant's application here as a motion to reargue, we would implicitly approve of a scenario in which litigants may raise any new issue on reargument. This would result in a proliferation of these types of motions—a consequence we are sure the Appellate Division did not intend—and conflict with straightforward statutory and decisional law that narrowly limits reargument to issues previously raised.

The People suggest that, where the defendant has previously brought a coram nobis application, the Appellate Division possesses the discretion to summarily decline to review the merits of a second application seeking the same relief. Indeed, in *People v Mazzella* (13 NY2d 997, 998 [1963]), we held "[w]hile a denial of *coram nobis* relief is not *res judicata* as to a subsequent petition on the same grounds, the question whether to entertain such an application is ordinarily one of discretion." *Mazzella*, however, is procedurally distinguishable, because the writ in that case was brought at the

trial court to vacate the judgment of conviction.* Even if the Appellate Division had the discretion to decline to review the merits of subsequent coram nobis applications, it would have been an abuse of such discretion to refuse to entertain the second application in this case, which was brought by counsel nine years after the first application and raised different and much more substantial arguments than those previously raised. Further, although we acknowledge that a significant period of time has passed since defendant's conviction was affirmed on appeal, we should not allow the lengthy passage of time, in itself, to bar review of a defendant's claims.

■ In sum, because defendant's application for a writ of error coram nobis raised new arguments not raised in his previous application, the Appellate Division erred in characterizing the second application as a motion to reargue. Inasmuch as the Appellate Division did not pass on the merits of defendant's application, we remit the matter to that court for a consideration of defendant's claims. Although defendant urges us to review the merits here rather than remitting to the Appellate Division, we note that a claim of ineffective assistance of counsel should first be heard and decided in the court where the allegedly deficient representation occurred (*see Bachert,* 69 NY2d at 599). Further, the proffered approach would deprive defendants of the potential to have the merits of their claims addressed twice—once by the Appellate Division and, if unsuccessful, once by this Court on a motion for leave to appeal from the order denying the writ (*see* CPL 450.90 [1]). Finally, we are not in the habit of reviewing the merits of an argument in the first instance without the benefit of the lower court's reasoned analysis.

Accordingly, the order of the Appellate Division should be reversed and the matter remitted to that court for further proceedings consistent with this opinion.

---

* We note that *Mazzella* predated the codification of CPL article 440, which comprehensively addresses the proper procedure and standard of review for motions to vacate judgments of conviction made at the trial court, and thereby obviated the use of the writ in that context. Despite invitation by this Court, the Legislature has not passed a similar statutory mechanism to address claims of ineffective assistance of counsel brought at the Appellate Division (*see Bachert,* 69 NY2d at 595-596), thus requiring litigants to continue to rely on the common-law writ to raise such claims.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.