[984 NE2d 922, 960 NYS2d 724]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARVIS LASSALLE, Appellant.

Argued January 10, 2013; decided February 12, 2013

**APPEARANCES OF COUNSEL**

*Kevin J. Bauer*, Albany, for appellant.

*Frank A. Sedita, III, District Attorney*, Buffalo (*Donna A. Milling* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant, facing multiple felony charges, pleaded guilty to one count of robbery in the first degree. He was adjudicated a second felony offender and was sentenced to 15 years' imprisonment, to be served concurrently with another sentence. At his 2006 plea, he was not advised that his sentence included five years of postrelease supervision. Defendant now maintains that he received ineffective assistance of appellate counsel when his attorney did not brief that issue in his 2008 direct appeal (*see People v Louree*, 8 NY3d 541 [2007]; *People v Catu*, 4 NY3d 242 [2005]).

On the present record, defendant has not shown that there was no strategic or other legitimate basis for appellate counsel's failure to raise what would have been a dispositive argument against the plea bargain (*see People v Rivera*, 14 NY3d 753, 754 [2010]; *People v Turner*, 5 NY3d 476, 480 [2005]). For all that appears in this record, counsel did not make the argument because defendant did not want to withdraw his plea if the other ground for his appeal proved unsuccessful. We note however that where a defendant in a coram nobis points to a clear error on the face of the County Court record, there are avenues to more fully explore potentially meritorious claims (*see e.g. People v D'Alessandro*, 13 NY3d 216, 220-221 [2009]; *People v Bachert*, 69 NY2d 593, 600 [1987]). If a new coram nobis petition is filed, the Appellate Division should consider whether those avenues should be followed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed, in a memorandum.