OPINION OF THE COURT
Memorandum.
The order of County Court should be affirmed.
In 2012, the legislature enacted article 20 of the Executive Law as part of the “Protection of People with Special Needs Act” to protect those “who are vulnerable because of their reliance on professional caregivers to help them overcome physical, cognitive and other challenges” (L 2012, ch 501, §§ 1, 2). Specifically, the enactment calls for the creation of a “justice center” — the primary purpose of which is to protect “vulner *1085 able persons” as defined in Executive Law § 550 (5). The center was granted “concurrent authority with district attorneys to prosecute abuse and neglect crimes committed against [vulnerable] persons,” thereby bolstering the State’s ability to respond to such crimes “without creating additional burdens on local law enforcement” (L 2012, ch 501, § 2, part A, § 1).
In carrying out that task, Executive Law § 552 (2) (a) mandates that the justice center “employ a special prosecutor” who has
“the duty and power: (i) to investigate and prosecute offenses involving abuse or neglect. . . ; and (ii) to cooperate with and assist district attorneys and other local law enforcement officials in their efforts against such abuse or neglect of vulnerable persons.”
Pursuant to that law, the special prosecutor
“may, after consultation with the district attorney . . . , attend in person any term of the county court or supreme court having appropriate jurisdiction, including an extraordinary special or trial term of the supreme court. . . , or appear before the grand jury thereof, for the purpose of managing and conducting in such court or before such jury a criminal action or proceeding concerned with an offense where any conduct constituting or requisite to the completion of or in any other manner related to such offense involved the abuse or neglect of a vulnerable person ... In such case, such special prosecutor . . . may exercise all the powers and perform all the duties in respect of such actions or proceedings which the district attorney would otherwise be authorized or required to exercise or perform” (Executive Law § 552 [2] [c]).
Defendant, an employee of the Finger Lakes Residential Center, was charged in Town Court with endangering the welfare of a child (Penal Law § 260.10 [1]) and harassment in the second degree (Penal Law § 240.26), arising from an incident that allegedly occurred at the Center between defendant and a 14-year-old resident. Defendant moved to dismiss the misdemeanor information pursuant to CPL 170.30 (1) (f) on the grounds that the special prosecutor did not have the authority to prosecute offenses in local criminal courts and that such authority was limited to prosecuting abuse and *1086 neglect cases in County and Supreme Court as evidenced by Executive Law § 552 (2) (c). Town Court agreed, holding that the language of section 552 (2) (c) served as a jurisdictional impediment to the special prosecutor’s ability to appear and prosecute abuse and neglect cases in local criminal courts.
On appeal, County Court reversed and remanded to Town Court for further proceedings, holding that rather than limiting the special prosecutor’s power, section 552 (2) (c) constituted “an additional grant of authority permitting participation in and prosecution of felonies before the grand jury and the appropriate superior court.” County Court did not address defendant’s constitutional argument since it had not been raised before Town Court and therefore not preserved for appellate review; nor did it reach defendant’s further contention that the special prosecutor’s failure to consult with the district attorney’s office before appearing in local criminal court was a fatal flaw mandating dismissal of the charges. In light of this, this Court’s review is limited solely to the question whether Executive Law § 552 (2) (c) prohibits the special prosecutor from prosecuting abuse and neglect cases in local criminal courts.
County Court’s order should be affirmed. There is no indication from the statute that the special prosecutor’s powers are limited by section 552 (2) (c). That section merely sets forth the requirement that the special prosecutor consult with the district attorney of the pertinent county should the special prosecutor wish to appear in County Court or Supreme Court, or before the grand jury, for the purposes of managing or conducting before such court or grand jury a criminal action or proceeding involving the abuse or neglect of a vulnerable person. There is no indication that the statute governs proceedings in local courts at all.*

 The dissent addresses issues that are not before us and we do not consider them given the procedural posture of the case.