People v Cubero (2018 NY Slip Op 02839)





People v Cubero


2018 NY Slip Op 02839


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

108177

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL CUBERO, Appellant.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


George J. Hoffman Jr., Albany, for appellant.
Rachel Dunn, New York State Justice Center for the Protection of People with Special Needs, Delmar (Jacqueline Kagan of counsel), for respondent.
Eric T. Schneiderman, Attorney General, New York City (Andrew W. Amend of counsel), in his statutory capacity under Executive Law § 71.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 7, 2016, upon a verdict convicting defendant of the crimes of criminal sexual act in the third degree (two counts), endangering the welfare of an incompetent or physically disabled person in the first degree and sexual abuse in the second degree (two counts).
Defendant was employed as a residence counselor at a group home for adults with mental illness. In this position, he was
responsible for the care and supervision of the facility's residents. One such resident was the victim, who has been diagnosed with schizoaffective disorder and mild mental retardation. In January 2014, the Justice Center for the Protection of People with Special Needs, an agency vested with statutory authority to investigate and prosecute crimes involving abuse or neglect of individuals with physical or cognitive disabilities (see Executive Law § 552 [2] [a], [c]), received a report that the victim had been sexually abused by defendant. After an investigation, a Special Prosecutor for the Justice Center presented the case to a grand jury and obtained a 14-count indictment. A jury convicted defendant of endangering the welfare of an incompetent or physically disabled person in the first degree, two counts of criminal sexual act in the third degree and two counts of sexual abuse in the second degree. County Court imposed an aggregate sentence of eight years in prison to be followed by 10 years of postrelease supervision. [*2]Defendant appeals.
Defendant first argues that the statute authorizing creation of the Justice Center (see Executive Law § 552 [2]) violates the State Constitution because the statute permits an appointed special prosecutor to conduct prosecutions, thereby usurping the constitutional responsibilities and power of the local District Attorney and the Attorney General, both of whom are elected officials. In the alternative, defendant argues that the statute can be viewed as constitutional only if the District Attorney grants the special prosecutor authority to prosecute and retains oversight and ultimate responsibility for the prosecution, but that these conditions were not met in this case. Thus, defendant argues, the indictment must be dismissed because the Justice Center lacked the authority to prosecute him.
Defendant did not raise either prong of this constitutional argument in County Court, rendering the argument unpreserved for our review (see People v Davidson, 27 NY3d 1083, 1086 and n [2016]). Even if we could theoretically address the purely legal aspect of defendant's argument, we cannot address the alternative argument — which is supported by the Attorney General and could result in a constitutional interpretation of the statute — because that aspect of the argument requires factual findings. "The preservation requirement serves the . . . purpose of alerting the adverse party of the need to develop a record for appeal" (People v Hunter, 17 NY3d 725, 728 [2011]), and no record was made on this topic in the trial court because no objection was raised (see People v Chancey, 127 AD3d 1409, 1412 [2015], lv denied 25 NY3d 1199 [2015]). This Court is permitted only to reverse or modify in the interest of justice (see CPL 470.15 [3] [c]). But a full review of the issue would be impossible without remittal, so, at this point, we do not now know if we would ultimately reverse, modify or affirm. Because we do not know what the outcome would be, and since it is possible that the outcome could be to affirm, we find no authority that would permit us to take corrective action with respect to this issue in the interest of justice.[FN1]
Defendant next contends, based solely on counsel's failure to raise the above constitutional argument, that he did not receive the effective assistance of counsel. "A single error rises to the level of ineffective assistance only in the rare instance when the error involves an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it is evident that the decision to forego the contention could not have been grounded in a
legitimate trial strategy" (People v McGowan, 149 AD3d 1161, 1162 [2017] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 999 [2017]; see People v Keschner, 25 NY3d 704, 722 [2015]). The issue that defendant now asserts was far from clear-cut at the time of defendant's trial, and remains so; all of the cases that defendant relies upon were decided after his trial and, had they been decided earlier, none would have been binding on the trial court (see People v Chancey, 127 AD3d at 1413). Additionally, it is possible that counsel strategically chose not to raise the issue. Thus, we cannot conclude that defendant was deprived of the effective assistance of counsel.
Defendant's convictions are not against the weight of the evidence. "Where, as here, a different verdict would not have been unreasonable, we will weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (id. at 1410 [internal quotation marks and citations omitted]), giving deference to the jury's credibility determinations based on the jurors' "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Tompkins, 107 AD3d 1037, 1038 [2013] [internal quotation marks, brackets and citations omitted], lv denied 22 NY3d 1044 [2013]; see People v Shoemaker, 119 AD3d 1073, 1074-1075 [2014], lv denied 25 NY3d 992 [2015]). Although the victim has cognitive limitations that impact her articulateness and affect her ability to remember dates or certain details, the jury was able to observe her testimony and evaluate her credibility. It appears undisputed that, due to her limitations, the victim was unable to consent to sexual activity with a staff member of her residential facility. She testified that on more than one occasion defendant engaged in oral sex with her and attempted to engage in anal sex but stopped at her request. An expert who testified regarding rape trauma syndrome explained, among other things, why victims may delay reporting abuse or be unclear as to certain details.
Additionally, a recording of defendant's statement to investigators was admitted into evidence. In that statement, defendant admitted to putting his penis in the victim's mouth on two different dates. He corroborated the victim's testimony regarding the location of these incidents, how they cleaned up afterwards, that he showed her pornography and that he is uncircumcised. A State Police investigator testified that pornography was discovered on a computer in the facility's office under defendant's username and password. Deferring to the jury's credibility determinations, the guilty verdict is not against the weight of the evidence (see People v Fournier, 137 AD3d 1318, 1320 [2016], lv denied 28 NY3d 929 [2016]).
County Court properly denied defendant's motion to suppress the inculpatory statements that he made to Justice Center investigators. "Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances and the credibility assessments of the suppression court in making that determination are entitled to deference" (People v Steigler, 152 AD3d 1083, 1083 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 983 [2017]; see People v Guilford, 21 NY3d 205, 208 [2013]). Testimony at the suppression hearing established that the interview with defendant lasted approximately two hours and took place in his employer's office, which was a neutral location. The investigators explained to defendant that he did not have to answer their questions and could leave at any time. He was not restrained, sat closest to the door and, at one point, interrupted the interview to call his wife. At the end of the interview, defendant left on his own and went home. Inasmuch as "[t]he police are permitted to lie or use some deceptive methods in their questioning as long as 'the deception was [not] so fundamentally unfair as to deny due process,' [t]he limited use of those tactics here was not so extensive as to induce a false confession or overcome defendant's will, which would render defendant's statements inadmissible" (People v Berumen, 46 AD3d 1019, 1020 [2007], lv denied 10 NY3d 808 [2008], quoting People v Tarsia, 50 NY2d 1, 11 [1980]; see People v Jaeger, 96 AD3d 1172, 1174 [2012], lv denied 19 NY3d 997 [2012]). Accordingly, the court did not err in denying defendant's suppression motion.
Finally, defendant's sentence was neither harsh nor excessive. County Court considered letters in support of defendant and that he had no prior criminal history. The court also considered that defendant took advantage of a position of trust to fulfill his own sexual desires by abusing a particularly vulnerable, mentally ill person. Hence, the sentencing court did not abuse its discretion and no extraordinary circumstances exist that would warrant modifying the sentence.
Clark, Aarons and Pritzker, JJ., concur.




Lynch, J. (dissenting).


I respectfully dissent. As outlined by the majority, defendant has raised a constitutional challenge to Executive Law article 20, establishing the Justice Center for the Protection of People with Special Needs, that was not preserved before County Court. The majority has concluded that we lack authority to take corrective action in the interest of justice to remit for further factual findings as to whether the Special Prosecutor acted with the consent of the District Attorney (see CPL 470.15 [3] [c]; [6]). For convincing reasons articulated by Judge Rivera in her dissenting opinion in People v Davidson (27 NY3d 1083 [2016]), for this statute to pass constitutional muster, the "special prosecutor may only appear in accordance with the authorizing statute, upon consent of the local District Attorney" (id. at 1087). There is no dispute that the record here was not developed on that issue. In my view, we have the inherent authority to remit this matter for further proceedings to develop the factual record on the consent issue (see id. at 1087, 1096). Fundamentally, "[a]n appeal from a judgment brings up the question whether justice has been done in the particular case" (People v Miles, 173 App Div 179, 183 [1916]; see People v Lopez, 6 NY3d 248, 259-260 [2006]; People v Pollenz, 67 NY2d 264, 268-269 [1986]; People v Thompson, 60 NY2d 513, 520 [1983]). Whether the Special Prosecutor was actually authorized to prosecute this matter presents just such a concern that enables us to remit for further development of the record. Depending on the outcome of such proceedings, we may then address whether to exercise our interest of justice jurisdiction under CPL 470.15 (3) (c) and (6). Consequently, I would withhold decision and remit the matter to determine whether the District Attorney consented to defendant's prosecution.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: While the dissent asserts that we have inherent authority to remit for development of a record, and this and every appeal "'brings up the question whether justice has been done in the particular case'" (dissenting op at 6, quoting People v Miles, 173 App Div 179, 183 [1916]), we cannot exceed this Court's jurisdiction, even to satisfy our own sense of justice.