People v Hodgdon (2019 NY Slip Op 05596)





People v Hodgdon


2019 NY Slip Op 05596


Decided on July 11, 2019


Appellate Division, Third Department


Rumsey, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

110719

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
NICOLE HODGDON, Respondent.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Rachel P. Dunn, New York State Justice Center for the Protection of People with Special Needs, Delmar (Caitlin Halligan of Selendy & Gay, PLLC, New York City, of counsel), for appellant.
Stephen W. Herrick, Public Defender, Albany (Jessica Gorman of counsel), for respondent.
Letitia James, Attorney General, New York City (Barbara D. Underwood of counsel), in her statutory capacity under Executive Law § 71.



OPINION AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (McDonough, J.), entered August 29, 2017 in Albany County, which granted defendant's motion to dismiss the indictment.
Defendant was employed as a counselor at a residential substance abuse treatment provider for adolescent males that is licensed and certified by the Office of Alcohol and Substance Abuse Services. In May 2016, defendant allegedly visited the family home of a 16-year-old patient (hereinafter the victim) and, at that time and location, engaged in certain sexual contact with the victim. In February 2017, an Assistant Special Prosecutor with the Justice Center for the Protection of People with Special Needs presented the case to an Albany County grand jury and obtained an indictment for rape in the third degree, sexual misconduct and sexual abuse in the second degree. Defendant thereafter moved, as relevant here, for dismissal of the indictment on the basis that Executive Law § 552 is facially unconstitutional because it purports to grant prosecutorial authority to an officer other than the Attorney General or a district attorney. The Justice Center, on behalf of the People, opposed the motion. The Attorney General, appearing in her statutory capacity under Executive Law § 71, agreed with defendant that the NY Constitution precludes the Legislature from conferring general prosecutorial authority upon the Justice Center, but asserted that the statute could be construed consistently with the NY Constitution by limiting the Special Prosecutor to prosecuting cases only upon obtaining the consent of a district attorney who retains the ultimate responsibility for the prosecution. Supreme Court agreed with the Attorney General regarding the statute's construction and then determined that the Assistant Special Prosecutor had not obtained consent from the District Attorney to [*2]prosecute defendant. On that basis, the court granted defendant's motion and dismissed the indictment. The Justice Center appeals on behalf of the People.
In 2012, the Legislature enacted the Protection of People with Special Needs Act (Executive Law § 550 et seq.) to protect individuals "who are vulnerable because of their reliance on professional caregivers to help them overcome physical, cognitive and other challenges" (L 2012, ch 501, §§ 1, 2) by creating a new state agency, the Justice Center, and mandating, among other things, that it employ a special prosecutor appointed by the Governor (hereinafter the Special Prosecutor) to investigate and prosecute criminal offenses involving abuse and neglect of vulnerable persons by employees of specified types of facilities and service agencies (see Executive Law § 552 [2] [a]). Although the Act specifically authorizes the Special Prosecutor to "exercise all the powers and perform all the duties in respect of such actions or proceedings which the district attorney would otherwise be authorized or required to exercise or perform" (Executive Law § 552 [2] [c]), it also prohibits the Special Prosecutor from "interfer[ing] with the ability of district attorneys at any time to receive complaints, investigate and prosecute any suspected abuse or neglect" (Executive Law § 552 [2] [a]).
We adopt the reasoning of the dissent in People v Davidson (27 NY3d 1083, 1086-1096 [2016, Rivera, J., dissenting]) and agree that the Legislature may not grant independent, "concurrent authority with district attorneys" to prosecute individuals accused of crimes against vulnerable persons (id. at 1088). As a constitutional officer, chosen by election (see NY Const, art V, § 1; art XIII, § 13), a district attorney possesses prosecutorial authority, the essential characteristic of which has been defined as "the discretionary power to determine whom, whether and how to prosecute" (People v Davidson, 27 NY3d at 1092-1093 [internal quotation marks and citations omitted]). The Legislature has no authority to transfer any essential function of a district attorney "to a different officer chosen in a different manner" (id. at 1091 [internal quotation marks and citations omitted]). Consequently, there is no constitutional support for the Legislature's attempt to provide for "the gubernatorial appointment of a non-elected special prosecutor, independent of the [d]istrict [a]ttorneys and with unfettered prosecutorial power" (id.).
However, our inquiry does not end there. Rather, we must consider whether — as asserted by the Attorney General and the Justice Center — the constitutionality of the Act may be preserved by construing it to limit the Special Prosecutor to conducting prosecutions only upon obtaining consent of a district attorney who retains the ultimate responsibility for the prosecution. In that regard, we are required to "make every effort" to interpret a statute "in a manner that avoids a constitutional conflict" (id. at 1094; see People v Correa, 15 NY3d 213, 232 [2010]; Matter of Lorie C., 49 NY2d 161, 171 [1980]; see also McKinney's Cons Laws of NY, Book 1, Statutes, § 150), and we agree with the dissent in Davidson that the Act may be construed to maintain its constitutionality.
Although the Act does not explicitly require the Special Prosecutor to obtain the consent of a district attorney, it plainly makes the authority granted to the Special Prosecutor subordinate to that of a district attorney. The Act specifically provides that "nothing herein shall interfere with the ability of district attorneys at any time to receive complaints, investigate and prosecute any suspected abuse or neglect" (Executive Law § 552 [2] [a]). This explicit recognition of the power of district attorneys necessarily means that the authority of the Special Prosecutor is limited by any choices made by a district attorney (see People v Davidson, 27 NY3d at 1094-1095). Further, "given that the [A]ct clearly protects the authority of [a] [d]istrict [a]ttorney from any interference by the Special Prosecutor, the only manner by which interference can be avoided is by notice, consultation and consent" (id. [emphasis added]). Accordingly, we conclude that the Act permits the Special Prosecutor to prosecute offenses arising from the abuse and neglect of vulnerable individuals only where the Special Prosecutor first obtains the knowing, written consent of a local district attorney to do so, and the local [*3]district attorney agrees to retain ultimate responsibility for the prosecution [FN1]. For consent to be knowingly given, a district attorney must both understand the scope of the authority being delegated and have knowledge of the facts regarding the alleged criminal conduct so that he or she may exercise the essential prosecutorial power of determining whether and who to prosecute (see People v Davidson, 27 NY3d at 1094-1095).
We turn next to consideration of whether the Albany County District Attorney validly consented to prosecution of defendant by the Special Prosecutor. After the Special Prosecutor provided the District Attorney with the facts regarding defendant's alleged criminal conduct, an Assistant District Attorney executed a form that had been prepared by the Special Prosecutor that stated, in its entirety, "As previously discussed, it is agreed that the [Special Prosecutor] will proceed with the criminal prosecution(s) stemming from [defendant's alleged criminal conduct]." This form was insufficient for two reasons, either of which alone would render consent invalid. First, the District Attorney acknowledged by affidavit that the consent was given with the misunderstanding that delegation was unnecessary because the Special Prosecutor possessed independent, concurrent authority to prosecute defendant. This necessarily means that the District Attorney did not exercise his essential prosecutorial power to determine whether defendant should be prosecuted but, rather, merely acquiesced in the prosecution by the Special Prosecutor, whom he mistakenly believed already possessed the independent power to prosecute defendant. Second, the District Attorney failed to expressly retain ultimate responsibility for defendant's prosecution [FN2]. Inasmuch as the Special Prosecutor lacked the authority to prosecute defendant, Supreme Court properly granted defendant's motion to dismiss the indictment that was obtained by the Special Prosecutor.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: We note that this interpretation of the Act — which permits a district attorney to consent that a prosecution be conducted on his or her behalf by a person employed by an executive agency — is consistent with the accepted procedures established by statute for prosecuting certain environmental crimes (see ECL 71-0403). The Attorney General — an elected official who possesses the constitutional authority to prosecute crimes — and district attorneys are granted concurrent jurisdiction to prosecute such offenses and, notably, the Attorney General is empowered to delegate his or her authority to an executive agency, namely, the Department of Environmental Conservation.

Footnote 2: Notably, in its response to defendant's motion to dismiss, the Justice Center conceded that the District Attorney did not retain "jurisdictional authority" over defendant's prosecution.