People v Illis (2020 NY Slip Op 03535)





People v Illis


2020 NY Slip Op 03535


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-00835
 (Ind. No. 1725/01)

[*1]The People of the State of New York, respondent,
v
Remi Illis, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Michael Gerstein, J.), entered December 11, 2015. The order, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate so much of a judgment of the same court (Plummer Lott, J.) rendered February 26, 2002, as convicted him of murder in the second degree under Penal Law § 125.25(2), upon a jury verdict, and imposed sentence on that count.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate so much of the judgment rendered February 26, 2002, as convicted him of murder in the second degree under Penal Law § 125.25(2) is granted, so much of the judgment as convicted him of murder in the second degree under Penal Law § 125.25(2) is vacated, the sentence imposed on that count of the indictment is vacated, and that count of the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see People v Beslanovics, 57 NY2d 726), and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering a securing order pursuant to CPL 470.45.
Following a jury trial, the defendant was convicted of depraved indifference murder (Penal Law § 125.25[2]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The evidence at trial showed that, on February 21, 2001, the defendant struck the victim in the head with a 70-pound concrete slab two to three times while the victim's 3-year-old son was situated nearby in an abandoned vehicle. The evidence also demonstrated that the victim and the defendant knew each other through drug transactions they had previously been involved in together and that, prior to February 21, 2001, the defendant had advised the victim that he wanted to end the parties' drug-dealing arrangement. The defendant gave statements to the police saying that this caused the victim to damage vehicles on which the defendant, who was an automobile mechanic, was working and to threaten the defendant's family. The defendant also gave statements saying that, on the night the victim was killed, they agreed that the victim would hang out in the abandoned vehicle, and that when the defendant met the victim by that vehicle, the victim pulled a gun which resulted in a struggle so that the gun discharged and a bullet struck the victim in the eye causing him to fall to the ground. The defendant also provided statements saying that, as the victim got up, the defendant struck the victim with the concrete slab in addition to subsequently striking the victim one or two more times. The prosecution presented evidence that the victim's death was [*2]caused by crush injuries to his head and neck.
At trial, the defendant asserted a justification defense. He also moved to dismiss the depraved indifference murder count arguing that the evidence showed that his actions were intentional rather than a reckless. The Supreme Court denied that motion. The court then charged the jury with depraved indifference murder, the lesser included offense of manslaughter in the second degree, as well as manslaughter in the first degree and criminal possession of a controlled substance in the seventh degree. The jury convicted the defendant of depraved indifference murder and criminal possession of a controlled substance in the seventh degree.
This Court affirmed the judgment of conviction by decision and order dated October 4, 2004 (see People v Illis, 11 AD3d 481). Thereafter, by notice of motion dated October 21, 2004, the defendant moved for leave to reargue the appeal. This Court denied that motion on May 12, 2005. The defendant's application for leave to appeal to the Court of Appeals was denied on June 29, 2005 (see People v Illis, 5 NY3d 763). The defendant's conviction became final on September 27, 2005 (see Policano v Herbert, 7 NY3d 588, 593; see also Clay v United States, 537 US 522, 527). The defendant's petition for a writ of habeas corpus was denied by the United States District Court for the Eastern District of New York (see Illis v Artus, 2009 WL 2730870, 2009 US Dist LEXIS 77596 [ED NY, August 28, 2009, No.06-CV-3077 (SLT)(KAM)]).
Subsequently, the defendant moved pursuant to CPL 440.10(1)(h) to vacate so much of the judgment as convicted him of depraved indifference murder, arguing that, in light of People v Payne (3 NY3d 266), which was decided 15 days after this Court affirmed the judgment of conviction on his direct appeal but before his conviction became final (see Policano v Herbert, 7 NY3d at 593), the evidence at trial was legally insufficient to establish that he acted with the requisite mens rea for depraved indifference murder. The Supreme Court denied the motion without a hearing, as both procedurally barred by CPL 440.10(2)(a) and meritless. The court reasoned that the defendant's legal sufficiency argument based on the change of law set forth in People v Payne had been addressed and rejected by this Court in denying the defendant's motion for leave to reargue his direct appeal, by the Court of Appeals in denying the defendant's motion for leave to appeal, and by the federal court in denying the defendant's petition for a writ of habeas corpus. With respect to the merits of the defendant's motion, the Supreme Court determined that, viewing the evidence in the light most favorable to the prosecution, the evidence was legally sufficient to support the jury's verdict. The defendant appeals.
In 2001, at the time of the defendant's trial, People v Register (60 NY2d 270) defined the elements of depraved indifference murder. According to Register, the statutory language "[u]nder circumstances evincing a depraved indifference to human life" set forth in Penal Law § 125.25(2) did not identify a culpable mental state, or mens rea (see People v Register, 60 NY2d at 276). In comparing depraved indifference murder to intentional murder, the Register court explained that the former "results not from a specific, conscious intent to cause death, but from an indifference to or disregard of the risks attending defendant's conduct" (id. at 274). Subsequent to Register, when the element of recklessness was present, a conviction of depraved indifference murder was upheld (see id. at 278; see also Policano v Herbert, 7 NY3d at 597).
Beginning in 2003, the Court of Appeals issued a series of decisions, including People v Hafeez (100 NY2d 253), People v Gonzalez (1 NY3d 464), People v Payne (3 NY3d 266), and People v Suarez (6 NY3d 202), culminating in 2006 with People v Feingold (7 NY3d 288), which explicitly overruled People v Register and People v Sanchez (98 NY2d 373), by holding that "depraved indifference to human life is a culpable mental state" (People v Feingold, 7 NY3d at 294; see Policano v Herbert, 7 NY3d at 603-604; People v Hernandez, 167 AD3d 936, 939). The change in the law relating to depraved indifference murder occurred as of October 19, 2004, the date that the Court of Appeals decided People v Payne (see People v Hernandez, 167 AD3d at 939). While the rationale set forth in Payne does not apply retroactively to convictions that became final prior to the change in the law (see Policano v Herbert, 7 NY3d at 603-604; People v Hernandez, 167 AD3d at 939), here, the defendant's conviction did not become final until after Payne was decided. As a result, the new standard for depraved indifference murder applies to his CPL 440.10 motion [*3](see People v Hernandez, 167 AD3d at 939).
A court must deny a motion to vacate a judgment pursuant to CPL 440.10(2)(a) if "[t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue." Here, the Supreme Court improperly determined that the subject motion was procedurally barred by CPL 440.10(2)(a). The court should not have relied on the fact that the defendant had claimed the subject change in law in his motion for leave to reargue his direct appeal, upon seeking leave to appeal to the Court of Appeals, and in petitioning the federal court for a writ of habeas corpus.
Pursuant to CPLR 2221(d)(2), a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." "It is well settled that a motion to reargue is not an appropriate vehicle for raising new questions . . . which were not previously advanced'" (People v D'Alessandro, 13 NY3d 216, 219, quoting People v Bachert, 69 NY2d 593, 597). "Necessarily, where a new argument is presented on the motion, that argument could not have been overlooked or misapprehended' by the Appellate Division in the first instance" (People v D'Alessandro, 13 NY3d at 219). Therefore, here, the issue which was before this Court on the defendant's motion for leave to reargue his direct appeal was whether this Court had misapprehended the law which was in effect as of the date that the direct appeal was decided, which was the standard set forth in People v Register, regardless of the arguments raised by the parties with respect to any subsequent changes in the law. Review of the defendant's conviction using the depraved indifference murder standard as set forth in People v Payne was not available through a motion for leave to reargue his original appeal since that was a new argument which could not have been overlooked or misapprehended by this Court in reaching our decision with respect to the direct appeal (see People v D'Alessandro, 13 NY3d at 219; see e.g. Policano v Herbert, 7 NY3d at 601-602).
The denial by the Court of Appeals of the defendant's motion for leave to appeal did not indicate that the Court of Appeals reached the merits of either the defendant's direct appeal or his motion for leave to reargue (see Matter of Calandra v Rothwax, 65 NY2d 897).
The federal court's determination with respect to the defendant's habeas corpus petition does not serve as a procedural bar to this Court reaching a determination on the subject CPL 440.10 motion despite the fact that "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies" to allow the State a chance to remedy "alleged violations of its prisoners' federal rights" (Baldwin v Reese, 541 US 27, 29 [internal quotation marks omitted]; see 28 USC § 2254[b][1][A]). The rule set forth in 28 USC § 2254(b)(1)(A) is not an absolute rule since "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" (28 USC § 2254[b][2]). In addition, "[w]hen considering the sufficiency of the evidence of a state conviction, [a] federal court must look to state law to determine the elements of the crime'" (Ponnapula v Spitzer, 297 F3d 172, 179 [2nd Cir 2002], quoting Quartararo v Hanslmaier, 186 F3d 91, 97 [2nd Cir 1999]). Here, the federal court had to "look to" New York law for the elements of the crime of depraved indifference murder, and, as the Magistrate Judge noted, the law was in flux at the time the defendant's federal habeas corpus petition was decided (see Illis v Artus, 2008 WL 5666638, *8, 2008 US Dist LEXIS 111096, *24-25 [ED NY, June 5, 2008, No. 06-CV-3077 (SLT)(KAM)]).
Turning to the merits of the motion, the trial evidence was not legally sufficient to support a verdict of guilt of depraved indifference murder (see People v Payne, 3 NY3d at 272; People v Hernandez, 167 AD3d at 940).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPL 440.10 to vacate so much of the judgment of conviction as convicted him of depraved indifference murder, and dismissed that count of the indictment.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court