People v Rice (2023 NY Slip Op 01211)

People v Rice

2023 NY Slip Op 01211

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

112081
[*1]The People of the State of New York, Respondent,
v
Jessica Rice, Appellant.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Matthew W. Ross of New York State Justice Center for the Protection of People with Special Needs, Delmar, of counsel), for respondent.
Letitia James, Attorney General, New York City (Eric Del Pozo of counsel), amicus curiae.

Fisher, J.
(1) Appeal, by permission, from an order of the County Court of Franklin County (Robert G. Main Jr., J.), entered December 16, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting her of the crimes of offering a false instrument for filing in the first degree and offering a false instrument for filing in the second degree, without a hearing, and (2) motion to strike, among other things, the responding brief.
In 2016, defendant was convicted of offering a false instrument for filing in the first degree and offering a false instrument for filing in the second degree, in connection with an incident that occurred during her employment at a state-run facility for individuals with developmental disabilities. A special prosecutor with the Justice Center for the Protection of People with Special Needs had prosecuted the case pursuant to its authority under Executive Law § 552 (2). This Court affirmed defendant's judgment of conviction on direct appeal (172 AD3d 1616 [3d Dept 2019]), and subsequently denied defendant's motion for reargument or, alternatively, permission to appeal to the Court of Appeals (2019 NY Slip Op 78921[U] [3d Dept 2019]).
Thereafter, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10. She contended that the record demonstrated that the Franklin County District Attorney's office expressly declined to prosecute her, did not grant the Justice Center authority to prosecute her and did not retain any prosecutorial authority over the matter. Defendant's arguments were premised on this Court's decision in People v Hodgdon (175 AD3d 65 [3d Dept 2019], affd sub nom. People v Viviani, 36 NY3d 564 [2021]), which was decided after this Court affirmed defendant's judgment of conviction, but before the denial of defendant's motion for leave to appeal to the Court of Appeals. The Justice Center opposed defendant's motion, arguing that, inasmuch as defendant relied on the record from the trial court as support for her motion, defendant could have raised this issue on her direct appeal. Without a hearing, County Court determined that it was "bound" by CPL 440.10 (2) (c) to deny defendant's motion, since the issue could have been raised on direct appeal but that defendant unjustifiably failed to do so. Defendant appeals, by permission, from the denial of her CPL article 440 motion.
Defendant contends that, on collateral review of her conviction, she should be entitled to the benefit of the decisions in Hodgdon and People v Viviani (36 NY3d 564 [2021]), which found that Executive Law § 552 was unconstitutional to the extent that it empowered the Justice Center with concurrent prosecutorial authority (see id. at 584). She further contends that she should be entitled to assert the "Hodgdon defense" to demonstrate that the District Attorney did not grant the Justice Center authority and did not retain ultimate responsibility over her prosecution, and that she should be entitled to a [*2]hearing to create a record to establish this "newly available" defense.[FN1] Upon our review, and contrary to the Justice Center's and the Attorney General's contentions, defendant's challenge did not need to be preserved under the unique circumstances of this case and she should have been entitled to create a record at a hearing on her CPL article 440 motion.
"Under traditional common-law principles, cases on direct appeal are generally decided in accordance with the law as it exists at the time the appellate decision is made" (People v Jean-Baptiste, 11 NY3d 539, 542 [2008] [internal quotation marks and citation omitted]; see People v Favor, 82 NY2d 254, 260-261 [1993]; People v Ramos, 202 AD3d 410, 413 [1st Dept 2022], lv denied 38 NY3d 953 [2022]). The normal appellate process comes to an end "upon the original unconditional denial of [a defendant's] application for leave to appeal" to the Court of Appeals (People v Pepper, 53 NY2d 213, 222 [1981], certs denied 454 US 967 [1981], 454 US 1162 [1982]; see People v Baret, 23 NY3d 777, 792-793 [2014], cert denied 574 US 1085 [2015]; People v Favor, 82 NY2d at 261 n 2). Here, defendant's conviction did not become final until after the new rule in Hodgdon was decided (see People v Vasquez, 88 NY2d 561, 573-574 [1996]; see generally People v Mitchell, 80 NY2d 519, 525-526 [1992]). Accordingly, because her appellate process had not yet come to an end, the new standard set forth in Hodgdon applies to her CPL 440.10 motion (see People v Illis, 184 AD3d 859, 862 [2d Dept 2020]; People v Hernandez, 167 AD3d 936, 939 [2d Dept 2018], lv denied 33 NY3d 977 [2019]; see also People v Pepper, 53 NY2d at 222; compare People v Baptiste, 51 AD3d 184, 186, 195 [3d Dept 2008], lv denied 10 NY3d 932 [2008]).
Although it is true that defendant first raised her current arguments in her motion for reargument and for leave to the Court of Appeals, CPL 440.10 (2) (c) provides that a motion to vacate a judgment of conviction must be denied when the trial record contains sufficient facts that would have allowed for "adequate review of the ground or issue raised . . . [but] no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected" (CPL 440.10 [2] [c]; see People v Cuadrado, 9 NY3d 362, 364-365 [2007]). Under the unique circumstances of this case, where the case defendant relies upon — Hodgdon — had not yet been decided at the time that her direct appeal was perfected, we find that her failure to challenge whether the Justice Center had permission to prosecute her and whether the District Attorney maintained responsibility of the prosecution was justified (see People v Illis, 184 AD3d at 862; People v Hernandez, 167 AD3d at 939). Therefore, County Court abused its discretion in concluding that it was "bound" to deny defendant's motion under CPL 440.10 (2) (c), without a hearing, on the ground that defendant unjustifiably [*3]failed to raise the Hodgdon defense on direct appeal. Accordingly, because the record is insufficient to resolve defendant's motion, we remit the matter to County Court for a hearing pursuant to CPL 440.30 (5).
We do, however, disagree with defendant's argument that she should be able to collaterally attack her conviction under Viviani, which was decided after her leave application had been denied (see People v Cuadrado, 9 NY3d at 365). There is a "sharp distinction between cases on direct appeal and cases in which the normal appellate process has come to an end" (People v Jean-Baptiste, 11 NY3d at 543 [internal quotation marks, brackets and citation omitted]; see People v Pepper, 53 NY2d at 222). Defendant's argument implicates a retroactivity analysis, where courts in New York "determine the retroactive effect of a new rule by evaluating three factors: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice of retroactive application" (People v Mitchell, 80 NY2d at 525-526; see People v Pepper, 53 NY2d at 220).[FN2] Under the first factor, new constitutional rules "that go to the heart of a reliable determination of guilt or innocence" will be applied retroactively, whereas rules that "are only collateral to or relatively far removed from the fact-finding process at trial" will not be applied retroactively (People v Pepper, 53 NY2d at 221; see People v Baret, 23 NY3d at 799-800).
Here, the holding in Viviani does not go to the heart of a reliable determination of guilt or innocence (see People v Baret, 23 NY3d at 800). In Viviani, which included the Hodgdon appeal, the Court of Appeals found that Executive Law § 552 was unconstitutional to the extent that it empowered the Justice Center with concurrent prosecutorial authority (see People v Viviani, 36 NY3d at 584). The Court of Appeals left untouched, however, the portion of the statute that provides the Justice Center with "non-prosecutorial functions" — such as cooperating with and assisting district attorneys (id. at 583). When applied to defendant's case, these principles are collateral and too far removed from the fact-finding process at trial, wherein defendant was indicted by a grand jury, made appropriate trial motions and had a jury of her peers weigh the evidence, before availing herself of the appellate process, which included a motion for reargument (see generally People v Rice, 172 AD3d at 1617-1619; 2019 NY Slip Op 78921[U]). To hold otherwise would undermine the investigation and prosecution completed by the Justice Center; defendant raises no challenge to the trial process or to her ability to have defended herself from the charges prosecuted by the Justice Center, which she was ultimately found guilty of — a judgment of conviction that this Court has reviewed and affirmed. Therefore, "nonretroactivity poses no danger of miscarriage of justice" (Policano v Herbert, 7 NY3d 588, 604 [2006]).
Although [*4]the first factor is the most important (see People v Baret, 23 NY3d at 799), the second and third factors also favor nonretroactivity here. Notably, were we to agree with defendant, retroactive application of the new constitutional rule would have a widespread impact undermining other investigations and prosecutions performed by the Justice Center for reasons that are wholly unrelated to the fact-finding process (see id. at 793-794; Policano v Herbert, 7 NY3d at 604; People v Mitchell, 80 NY2d at 529; People v Pepper, 53 NY2d at 222). Therefore, defendant is not entitled to have the new constitutional rule articulated by Viviani applied retroactively to her matter (see People v Baret, 23 NY3d at 799-800; People v Mitchell, 80 NY2d at 525-526; People v Pepper, 53 NY2d at 220-221).
Lastly, during the pendency of this appeal and after our decision in Hodgdon, the District Attorney issued a letter of delegation to the Justice Center, permitting it to handle this appeal in an "Of Counsel" capacity. Defendant moved to strike this letter of delegation on the grounds that, under Hodgdon and Viviani, such delegation of prosecutorial authority by the District Attorney is unconstitutional. We withheld decision and directed that such motion be decided together with the appeal. Upon review, although we reject the Justice Center's contention that prosecutorial authority does not extend to the appellate process (see People v Meade, 195 AD2d 756, 757 [3d Dept 1993]; see also County Law § 700 [1]), inasmuch as the District Attorney granted the Justice Center authority to handle this appeal and maintains ultimate responsibility of same, we find such motion to strike to be without merit (see People v Hodgdon, 175 AD3d at 69-70). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Garry, P.J., and Reynolds Fitzgerald, J., concur.
Lynch, J. (concurring).
We respectfully concur. In our view, this Court's ruling in People v Hodgdon (175 AD3d 65 [2019], affd sub nom. People v Viviani, 36 NY3d 564 [2021]), as affirmed in People v Viviani (36 NY3d 564 [2021]), may be applied to this case, which was still on direct review at the time Hodgdon was decided (see People v Pepper, 53 NY2d 213, 221 [1981], cert denied 454 US 967 [1981]).
Defendant's underlying conviction was affirmed in May 2019 (172 AD3d 1616 [3d Dept 2019]). In June 2019, defendant filed a motion to reargue and/or for leave to appeal to the Court of Appeals. While that motion was pending, this Court decided Hodgdon on July 11, 2019. Shortly thereafter, defendant filed a supplemental affidavit, raising for the first time the argument that the special prosecutor lacked jurisdiction to prosecute this matter under the Hodgdon ruling. On August 30, 2019, this Court denied the motion in its entirety.
This Court's August 30, 2019 decision and order effectively concluded the normal appellate process (see People v Pepper, 53 NY2d at 222; People v Muller[*5], 11 NY2d 154, 156 [1962], cert denied 371 US 850 [1962]). Under ordinary circumstances, defendant's subsequent motion under CPL 440.10 would constitute a collateral challenge that would not qualify for a retroactive application of the Hodgdon/Viviani ruling (see People v Pepper, 53 NY2d at 222). The nuance here, however, is that defendant did, in fact, actually raise the Hodgdon argument in her motion to reargue and/or for permission to appeal to the Court of Appeals — i.e., while her case was still on direct appeal. Even though that motion was denied, under the unique circumstances presented, we conclude that the Hodgdon/Viviani ruling should be applied retroactively to defendant's CPL 440.10 motion. In so deciding, we do not see this as a situation where a failure to apply Hodgdon retroactively would effect "a complete miscarriage of justice" (People v Pepper, 53 NY2d at 221). On the opposite extreme, we also recognize that Hodgdon is collateral to the fact-finding process (see id.). Hodgdon does, however, speak to the very jurisdiction of the special prosecutor to even pursue this prosecution. As such, we conclude that Hodgdoni>/Viviani falls within "a middle ground" where the ruling should be applied to cases still on direct appeal (id).
The further question is determining the standard that applies following the Court of Appeals' nuanced affirmance of Hodgdon in Viviani. In Hodgdon, this Court determined that the Protection of People with Special Needs Act (see Executive Law § 550 et seq.) was unconstitutional insofar as it conferred " 'concurrent authority with district attorneys' to prosecute individuals accused of crimes against vulnerable persons" (175 AD3d at 68, quoting People v Davidson, 27 NY3d 1083, 1088 [2016, Rivera, J., dissenting]). Adopting the Attorney General's proposed "savings construction," we further determined that the statute "permits the Special Prosecutor to prosecute offenses arising from the abuse and neglect of vulnerable individuals only where the Special Prosecutor first obtains the knowing, written consent of a local district attorney to do so, and the local district attorney agrees to retain ultimate responsibility for the prosecution" (People v Hodgdon, 175 AD3d at 69). In Viviani, the Court Appeals affirmed Hodgdon, but did so rejecting the "saving[s] construction" analysis (People v Viviani, 36 NY3d at 579-582). The Court of Appeals determined that "the subdivisions of the statute that provide the special prosecutor with the discretionary authority to bring criminal cases (see Executive Law § 552 [1], [2] [a] [i]; [b]; [c]) must be struck as unconstitutional" (People v Viviani, 36 NY3d at 583). Adopting a severance analysis, the Court of Appeals "[left] intact Executive Law § 552 (2) (a) (ii), which empowers the special prosecutor 'to cooperate with and assist district attorneys . . . in their efforts against abuse or neglect of vulnerable persons,' without interfering with those efforts" (People v Viviani, 36 [*6]NY3d at 583 [emphasis and ellipsis omitted]). The Hodgdon/Viviani question thus presented is whether the special prosecutor undertook this prosecution in cooperation with and to assist the District Attorney.
The trial record does not answer this question and, accordingly, we agree with the majority that the matter should be remitted for a hearing. A CPL 440.10 motion to vacate a judgment may be made "[a]t any time after the entry of a judgment" on specified grounds, including where the court lacked jurisdiction (CPL 440.10 [1] [a]). In her motion to vacate, defendant asserted that the special prosecutor lacked jurisdiction to prosecute the case under the principles outlined in Hodgdon. It is our view that County Court erred in concluding that it was obligated to deny the motion pursuant to CPL 440.10 (2) (c).
That section provides that, "[n]otwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when[,] . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure . . . to raise such ground or issue upon an appeal actually perfected by him or her" (CPL 440.10 [2] [c]; see People v Kerley, 161 AD3d 1458, 1459-1460 [3d Dept 2018], lv denied 31 NY3d 1150 [2018]). It is undisputed that defendant initially failed to raise the subject jurisdictional issue either at trial or even on direct appeal to this Court — raising the issue only after Hodgdon was decided. That said, the mandate of CPL 440.10 (2) (c) requires that "sufficient facts appear on the record" to have permitted adequate review of the issue on appeal. The trial transcript shows only that the Franklin County District Attorney's office declined to prosecute the case. Whether or not the special prosecutor conducted this prosecution in cooperation with and to assist the District Attorney is a different question, left unresolved in this record (compare People v Hodgdon, 175 AD3d at 69-70). County Court's assessment that defense counsel conceded in her moving affidavit that the record was sufficient to answer this question misses her alternative argument that, "should this Court decide that additional evidence is necessary to make the determination, [d]efendant hereby requests a factual hearing."
Since the mandate of CPL 440.10 (2) (c) does not apply here, the Court failed to exercise its discretionary authority under CPL 440.10 (3) to grant or deny the motion. In denying the motion, however, County Court necessarily determined that defendant's failure to raise the Hodgdon issue on direct appeal was "unjustifiable" within the meaning of CPL 440.10 (2) (c). With respect to the "unjustifiable" component of the statute, there is a difference between a situation where counsel fails to raise a plausible argument[*7], and one where counsel fails to assert established precedent. We recognize that defendant could have raised the Hodgdon argument earlier, even at trial. In fact, defense counsel in Hodgdon astutely moved to dismiss the indictment in May 2016, contending that the delegation of authority to the special prosecutor was unconstitutional. Even so, in People v Cubero (160 AD3d 1298 [3d Dept 2018], affd 34 NY3d 976 [2019]), this Court observed that the special prosecutor issue "was far from clear-cut at the time of defendant's trial [in 2016], and remains so" (id. at 1300 [emphasis added]). Shortly after Hodgdon was handed down in July 2019, defendant supplemented her pending motion to reargue and/or for leave to appeal by raising the Hodgdon issue. Under these circumstances, we agree with the majority that defendant's failure to raise the Hodgdon issue any earlier was justified (see People v Hernandez, 167 AD3d 936, 939-940 [2d Dept 2018], lv denied 33 NY3d 977 [2019]). Since a question of fact remains as to whether the special prosecutor proceeded with authority under Executive Law § 552 (2) (a) (ii), the matter should be remitted to County Court for a hearing pursuant to CPL 440.30 (5).
Aarons, J., concurs.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision.
ORDERED that the motion is denied.

Footnotes

Footnote 1: Defendant asserts that the issue was "misstated" by County Court because she is not challenging the constitutionality of Executive Law § 552 in her CPL article 440 motion, but rather that she "raised the newly available Hodgdon defense." Our decision in Hodgdon adopted the reasoning of the dissent in People v Davidson (27 NY3d 1083, 1086-1096 [2016, Rivera, J., dissenting]), finding "that the Legislature may not grant independent, 'concurrent authority with district attorneys' to prosecute individuals accused of crimes against vulnerable persons" (People v Hodgdon, 175 AD3d at 68, quoting People v Davidson, 27 NY3d at 1088 [Rivera, J., dissenting]). In our effort to interpret Executive Law § 552 (2) " 'in a manner that avoids a constitutional conflict' " (People v Hodgdon, 175 AD3d at 69, quoting People v Davidson, 27 NY3d at 1094 [Rivera, J., dissenting]), we construed the statute to limit the Justice Center to conducting prosecutions only upon obtaining knowing, written consent of a district attorney who retains the ultimate responsibility for such prosecution (see People v Hodgdon, 175 AD3d at 69-70, citing People v Davidson, 27 NY3d at 1094-1095 [Rivera, J., dissenting]).

Footnote 2: To the extent that defendant supports her retroactivity argument with decisional law from the federal courts, the constitutional principles invoked in this matter are rooted in the State Constitution, therefore, the question of retroactivity is one of state law (see People v Mitchell, 80 NY2d at 525-526; see also People v Baret, 23 NY3d at 799; People v Favor, 82 NY2d at 261-262).